## Gebhart v. Graves, Appellant.

*Alleys—Trespass—Obstruction of alley—Fire escape.*

Where adjoining owners have the common right to the use of an alley, one of the owners cannot erect on a hotel building abutting on the alley, a fire escape so as to prevent the adjoining owner from having a free and unobstructed use of the alley at all times. In such a case the fact that the fire escape was located and directed to be built by a factory inspector of the state of Pennsylvania is immaterial.

Argued March 10, 1908. Appeal, No. 18, March T., 1908, by defendants, from judgment of C. P. York Co., Jan. T., 1906, No. 56, for plaintiff on case stated in suit of David E. Gebhart v. Ann Eliza Graves and Clayton R. Graves. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine rights in an alley.

BITTENGER, P. J., filed the following opinion:

This is a case stated, in which the facts are agreed upon by counsel in the case, and submitted for decision to the court.

In the case stated, it appears that the properties of the plain-, tiff and defendants were formerly the property of one Devi Gallatin, fronting on Carlisle street on the south, in the borough of Hanover, and extending back in the dimensions named in the case stated, to Railroad street on the north, embracing the respective properties of the parties.

The plaintiff's lot of ground fronts on said Carlisle street, and extends to a ten feet wide private alley, abutting on said private alley forty-five feet, three inches, with the use of said ten feet wide private alley on the rear of said lot to him, the said plaintiff, and his heirs and assigns forever, in common with the owner or owners of the lot owned by the defendant, Ann Eliza Graves, adjoining said ten feet wide private alley on the opposite side thereof, and abutting thereon.

That there are erected upon the said land of the plaintiff, facing and abutting on said ten feet wide private alley, certain buildings used by the plaintiff as a stable, wagon-shed and storehouse, and the said buildings have been built and used for such purposes for a period of more than thirty-five years last past continuously.

That the plaintiff's said lot of ground was conveyed to him, in fee simple, by the administrator of Devi Gallatin, deceased, by deed dated December 1, 1900, and recorded in the office of the recorder of deeds of York county, Pennsylvania, in Deed Book 12 L, page 377.

That in said deed, said lot of the plaintiff was conveyed to him, with the use of said private alley in common, with the owner or owners of the lot or lots of ground, adjoining said alley on the opposite side thereof, and the heirs and assigns of the plaintiff, and the heirs and assigns of the owners of said opposite lots, facing and abutting on said private alley.

That Ann Eliza Graves, one of the defendants, is the owner, in fee simple, of the lot of ground on the side of said private alley, opposite the said lot and said buildings of the plaintiff, and adjoining and abutting thereon, and is entitled to the use of said alley in like manner as the plaintiff, and has rights thereto equal to those of the plaintiff, but not in excess thereof.

That the said lot of said defendant, Ann Eliza Graves, was

conveyed to her by deed of John F. Martin and wife, bearing date June 10, 1905, and recorded in the office of the recorder of deeds of said county, in Deed Book 14 M, page 8.

That the defendant, Clayton R. Graves, is the husband of said Ann Eliza Graves, and lived with her during the year 1905, and continuously ever since, upon her said lot of ground.

That during the year 1905, the said defendant, Ann Eliza Graves, erected upon her said lot an hotel building four stories in height, the rear of which said hotel building abuts on said ten feet wide private alley, directly opposite the said building of the plaintiff.

That said Clayton R. Graves, by and with the consent and agreement of said Ann Eliza Graves, and acting with her during the said year of 1905, erected said hotel buildings, and with her knowledge, agreement and concurrence, erected and set up at the rear of said hotel building in said year of 1905, and within and over said ten feet wide private alley, an iron fire escape at a place—being on the rear of said hotel building—designated, ordered and located by Joseph P. Quinn, the regularly and legally appointed and acting deputy factory inspector of the state of Pennsylvania, and said iron fire escape has ever since remained in said position.

That the said iron fire escape projects from said hotel building into and over said ten feet wide private alley, and at right angles to the rear wall of said hotel building for a distance and space of five feet out from the rear wall of said hotel building, and extends said width of projection from the fourth story of said hotel building downward to within eleven feet of the ground of said ten feet wide private alley.

That the said iron fire escape is so constructed that the lowest section can be lowered from the second floor of said hotel building to the ground in said alley, as the case may require, by means of a suspended stairway placed in a position for that purpose.

That the distance above the ground to said iron fire escape, in which said suspended stairway is suspended, is eleven feet.

That the said lowest section of said fire escape is suspended when said fire escape is not in use.

That the use of said iron fire escape and lowering of said lowest section to the ground is entirely at the will of the defendants, or either of them; and that the plaintiff has no use or control of said iron fire escape, and did not agree to the erection of the same, nor ratify, nor approve of its erection; but protested against the erection of the same, at and before it was erected, and has ever since continued to protest against the same.

That said buildings of said plaintiff, facing and abutting on said ten feet wide private alley, have doors, all of which open into said private alley, through which the plaintiff reaches said buildings with his wagons and other property, and it is and was the only means of access to his said buildings by him and his predecessors in title for many years last past—ever since the erection of said buildings, with the exception of another door on the alley bounding said property on the east.

That the said buildings of the plaintiff, facing and abutting on said ten feet wide private alley, are directly opposite the hotel building of said defendants; and said buildings of the plaintiff and said hotel building of the defendants are just about ten feet apart.

That when the said suspended stairway of said iron fire escape is let down to the ground, it covers half the width of said ten feet wide private alley, and if said suspended stairway be let down to the ground at any time, it will be impossible for the plaintiff to open the door, through which he has access to his wagon-shed, in which are contained his wagons, of a sufficient width to permit the removal of said wagons, or to permit the entering of said buildings with said wagons.

That before the erection of said hotel building, by the defendants in the year 1905, no other buildings, except small outhouses, were erected on said lot of ground of said Ann Eliza Graves that faced or abutted on said alley, nor was any iron fire escape upon and against the rear of any prior building on said lot, nor was there any other obstruction or projection from any building upon said lot of said defendants into or over said alley to any extent whatever before the erection of said hotel building.

The question for decision, is whether the construction of the

said hotel of defendants, on the lot of ground of the said Ann Eliza Graves, with a fire escape, as described above, is an obstruction to the use of said private alley by the plaintiff—the maintenance of which is unlawful—for which an action may be maintained.

We have given this case due study and consideration, and come to the conclusion that the erection of the hotel in question, with fire escape over the said alley, with a landing in the same, when it is used, at the will of the defendants is without legal warrant.

It is stated that both plaintiff and defendants have an equal right to the use of said private alley; that there were the same buildings on the south side thereof, the property of the plaintiff; that there are now a stable, wagon-shed and storehouse, and these had been there and used for thirty-five years past continuously, while on the north side of said alley, there were at the time, previous to the erection of the four-story hotel, nothing but outhouses, bounding on the alley opposite to plaintiff's said stable, wagon-shed and storehouse. The plaintiff's title was acquired December 1, 1900; the defendant's, Ann Eliza Graves, June 10, 1905.

The private alley provides a joint right of way for the parties in this case, their heirs and assigns, as it was at the time of said conveyance to them, respectively, to which right each is entitled to the uninterrupted use, with a fee in each, of the one-half of said alley upon the vacation of the same.

The fact that Clayton Graves, when he erected the hotel for his wife, during the year 1905, built the said hotel on the north line of said alley, leaving no room for a fire escape, and located the halls to run only north and south; and that the regularly and legally appointed factory inspector of the state of Pennsylvania, ordered the present location of the fire escape complained of, can have no bearing in this case, as we understand it. The defendants should have provided for a legal construction of said fire escape, by leaving a sufficient space of ground for its erection on said south wall of the hotel, without trespassing on the rights of the plaintiff, who held a prior title; and while it was placed there by the proper officer, under the police power

of the commonwealth, that power does not go to the length of warranting a using and injury to, or appropriating the property of any citizen, without due process of law.

Both the builders of the hotel, the defendants, and the commonwealth's officer should have recognized this constitutional right of the plaintiff, by building said hotel and fire escape within the lines of defendants' property, and so as to not in any degree obstruct plaintiff's proper use of the alley.

It was the duty of the defendant, Ann Eliza Graves, so to use her property as not to abuse the rights of the plaintiff.

The said fire escape is five feet wide, extends outside of defendants' line that width over the joint private alley of the plaintiff and defendants, within eleven feet of the ground, and there has suspended, a section of the same width to be lowered at the defendants' convenience. In case of necessity during a fire in the hotel, or the neighborhood, that would be the very time the plaintiff would be necessitated to use the said alley for the removal of his property, wagons, horses and goods and chattels from his stable, wagon-shed and storehouse, located on said alley, long before and continuing there when the property of said Ann Eliza Graves was conveyed to her.

The case of Ellis v. Academy of Music, 120 Pa. 608, rules this case. It is very similar to this. In that case all the material facts were established by a former verdict. In this case all the said facts are admitted, except that the alley is obstructed by said fire escape on the hotel building complained of; and even here it is admitted that when the suspended part of the fire escape is down, it is five feet in the alley, occupying one-half of it, and preventing the opening of the door of one of the plaintiff's said buildings.

It is held in the case above cited: that "No man may trespass upon another's right, however insignificant that right may be; and, the former verdict and judgment conclusively establishing the fact that the original obstruction was a nuisance and a constant challenge to the plaintiff's right, he was entitled in the second action to such punitive damages as would compel the abatement of the nuisance."

"When by the several grants to the parties, their properties

are bounded by a private alley in controversy and the same use of the alley is made appurtenant to each property, neither party has the right to alter the character of the alley in any particular without the assent of the other."

See also Mershon v. Fidelity Insurance, Trust and Safe Deposit Company, 208 Pa. 292.

The fact that plaintiff protested against the erection of the hotel of Ann Eliza Graves, with the fire escape over the alley in question, and with a landing in the said alley, a change of the said alley, and the imposition of an increased servitude of which there was no grant and, therefore, no legal warrant under the accepted law, and that the erection was made in the face of said protest, appears in the case stated.

And now, December 30, 1907, being of opinion that, under the facts above set forth, that the said iron fire escape is an obstruction to said alley, and the use thereof by the plaintiff, and that its erection and maintenance at the place designated is a trespass upon the rights of the plaintiff, and that its erection and maintenance is without legal excuse, it is ordered, as agreed in the case stated, that judgment be entered for the plaintiff against the defendants, for the sum of $5.00 and costs of suit, with the right to appeal, as agreed upon.

*Error assigned* was the judgment of the court.

*J. L. Butler,* with him *C. E. Ehrehart,* for appellants, cited: Patterson v. R. R. Co., 26 W. N. C. 327; Stevenson v. Stewart, 7 Phila. 293; Meehan v. Barry, 97 Mass. 447; Dempsey v. Kipp, 61 N. Y. 462; Craven v. Rose, 3 S. Car. 72; Boston Beer Co. v. Mass., 97 U. S. 25.

*J. R. Strawbridge,* with him *John J. Bollinger,* for appellee, cited: Hogg v. Bailey, 5 Pa. Superior Ct. 426; Patterson v. R. R. Co., 26 W. N. C. 327; Stevenson v. Stewart, 7 Phila. 293; Ellis v. Academy of Music, 120 Pa. 608; Fidelity Ins., etc., Co. v. Fridenberg, 175 Pa. 500; Hacke's Appeal, 101 Pa. 245; Mershon v. Fidelity Insurance, etc., Co., 208 Pa. 292; Schmoele v. Betz, 212 Pa. 32.

PER CURIAM, April 20, 1908:

The judgment in this case is affirmed upon the opinion of the learned president judge of the court below.