# Duross, Appellant, *v.* Singer.

*Deed—Alley—Easement.*

1. The grant of a fee subject to an easement carries with it the right to make any use of the servient soil that does not interfere with the easement, and this right cannot be abridged by words used in the granting clause unless the intention to limit the estate is clearly expressed or is a necessary implication from the words used. A restriction cannot be imposed upon a clear grant by merely naming one of its incidents. The rule that a deed or grant will be construed most strongly against the grantor applies with especial force to the restriction in a deed.

2. Where an owner of land grants title to the soil of an alley in fee with a reservation to owners of other lands to the use of the alley, but with the privilege to the grantee to build over the alley "at the same height and of the same depth as the same is now built over," the grantee and his successors in the title are not restricted from building over the alley to a greater depth.

Argued Jan. 15, 1909. Appeal, No. 305, Jan. T., 1908, by plaintiffs, from decree of C. P. No. 1, Phila. Co., June T., 1908, No. 3,527, dismissing bill in equity in case of Mary T. Duross et al. v. Herman Singer. Before Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Bill in equity for an injunction. Before Brégy, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*F. B. Bracken,* of *Loughlin & Bracken,* for appellants.

*Alex. Simpson, Jr.,* with him *A. S. Ashbridge, Jr.,* for appellee.

Per Curiam, May 10, 1909:
The plaintiffs are the owners of property No. 609 South street, Philadelphia, and the defendant is the owner of the adjoining property to the west, No. 611. The prayer of the bill

is for an injunction to restrain the defendant from building over the rear end of an alley on the east side of his lot, laid out prior to 1810 for the common use of the owners of both lots. The ownership of the soil of the alley is in the defendant and his right to maintain a building over it supported by an archway to the depth of twenty-five feet and eleven inches from South street is conceded; but the right to build over it to a greater depth is disputed. The case was heard on bill and answer. The averments of the answer that the extension of the archway as proposed by the defendant will not interfere with the use of the alley as a passageway and water course nor exclude light necessary for its proper use, being taken as true, narrow the dispute to the single question whether the deed creating the easement restricted the right of the grantee and his assigns to build over the alley to a greater depth than that to which it was built over at the time of the conveyance.

The grant to the plaintiffs' predecessor in title in 1810 gave him an easement in the following language: "Together with the free use and privilege of the said alley for free ingress . . . . in common with the owners, tenants and occupiers of the adjoining lot to the westward and of, a water course therein, reserving to the owner of said adjoining lot to the westward the right of building over the said alley at the same height and of the same depth as the same is now built over. . . ." In a deed of the same date in the defendant's chain of title it is recited that a former owner had left open the easternmost two feet and eleven inches of his lot as an alleyway for the common use of his lot and the adjoining lot to the eastward, and there was excepted and reserved out of the grant to and for the use of the owners of the adjoining lot to the eastward the free use of the alley, the grantee to have the right and privilege of building over the alley of the depth of the building then erected.

It is not controverted that the owner of land who grants a right of way over it conveys nothing but the right of passage and reserves all the other incidents of ownership, and may build over the way provided he does not materially impair the use of the easement by obstructing the way and shutting

off the light necessary for its reasonable and convenient use. It is, however, contended that the stipulation in the deed of 1810 that the grantee of premises No. 611 South street and his assigns should have the right to build over the alley to the same extent that it was then built over, created by implication a restriction against building beyond the limit prescribed. The plaintiffs' case rests upon this proposition.

The grant of a fee subject to an easement carries with it the right to make any use of the servient soil that does not interfere with the easement, and this right cannot be abridged by words used in the granting clause unless the intention to limit the estate is clearly expressed or is a necessary implication from the words used. A restriction cannot be imposed upon a clear grant by merely naming one of its incidents. The rule that a deed or grant will be construed most strongly against the grantor applies with especial force to the restriction in a deed: Klaer v. Ridgway, 86 Pa. 529.

The judgment is affirmed.