## Carter, Appellant, *v.* Lebzelter.

*Deeds—Boundaries—Private alley—Title to center line.*

1. Where a deed calls for a private alley as a boundary, the grantee takes title to the center line of the alley.

2. Where the same person owns lots on both sides of a private alley, the title of the lots extending to the center of the alley, he may cover over that portion of the alley which he owns, provided he does not interfere with other owners along the line of the alley who have the right of "ingress, egress and regress, and passage over and along" the alley.

Argued Nov. 16, 1910. Appeal, No. 228, Oct. T., 1910, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket, No. 5, page 139, dismissing bill in equity in case of Elizabeth Carter v. William F. Lebzelter and Charles J. Lebzelter. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction. Before HASSLER, J.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*John E. Malone,* for appellant, cited: Ellis v. Academy of Music, 120 Pa. 608; Gebhart v. Graves, 36 Pa. Superior Ct. 228; Mershon v. Ins. Trust & Safe Dep. Co., 208 Pa. 292; Mershon v. Walker, 215 Pa. 41; Schmoele v. Betz, 212 Pa. 32.

*W. U. Hensel,* for appellee, cited: Duross v. Singer, 224 Pa. 573; Patterson v. R. R. Co., 26 W. N. C. 327; Holmes v. Bellingham, 7 C. B. (N. S.) 329; Stevenson v. Stewart, 7 Phila. 293; Atkins v. Bordman, 43 Mass. 457; Gerrish v. Shattuck, 132 Mass. 235.

OPINION BY HENDERSON, J., March 3, 1911:
The appellant is the owner of a life estate in lot No. 32

on East Walnut street in the city of Lancaster at the rear of which is a private alley four feet wide appurtenant to this lot and other lots abutting on the alley among which are those occupied by the defendants. Her right is one of "ingress, egress and regress, and passage over and along" the alley. Philip Lebzelter had been the owner of lot No. 28 on East Walnut street by whom it was willed to the Lancaster County Trust Company and Wm. F. Lebzelter in trust to collect the rents, issues and profits thereof and pay the net income to Wm. F. Lebzelter. This lot is on the opposite side of the alley from another lot, No. 236 North Duke street, owned by Wm. F. Lebzelter, to both of which lots the alley is appurtenant. The defendants occupy both of the last described lots and in making improvements thereon extended a shed or covering, which theretofore had projected over the alley, to a line nearer to the property devised by Philip Lebzelter than it had extended. This roof is twelve feet above the ground. For more than twenty-one years prior to 1908 the roof had projected part way over the alley and when in 1908 it was rebuilt it was extended so that it nearly covered the width of the alley. The roof is not connected with the plaintiff's property and her only right with reference thereto is that which she holds by reason of the easement appurtenant to the lot occupied by her. As the defendants own or control the lots on the opposite sides of the alley where the roof is constructed the question is whether they may use the space above the surface in connection with their lots provided that they do not in any way interfere with the free use of the alley as a passageway by those entitled to it. The defendants succeeded to the rights of the grantor of the way to the extent to which they existed in the land now owned by them and this interest is the fee subject to the right of way. The opinion of Chief Justice COCKBURN in Holmes v. Bellingham, 7 C. B. (N. S.) 329, held it to be a reasonable and sound doctrine that the same principle which applied to the boundary limit on land abutting on a public road ap-

plied with equal force to the case of a private road and that the same reasoning which gave to the abutting owner title to the middle line of a public road in case of a vacation of the same carried the fee to a grant of land bounded by a private way to the middle line thereof in the absence of any agreement to the contrary. This view is also taken in Ellis v. Academy of Music, 120 Pa. 608, where the opinion in Holmes v. Bellingham, 7 C. B. (N. S.) 329, is approved; and the doctrine is reaffirmed in Saccone v. West End Trust Co., 224 Pa. 554; Oliver v. Ormsby, 224 Pa. 564; and Duross v. Singer, 224 Pa. 573. In Oliver v. Ormsby, 224 Pa. 564, Mr. Justice POTTER, after referring to the law bearing on the right of a grantee of land bounded by a public road or street to hold to the middle of such road or street in the absence of an express or clearly implied reservation, proceeds to say "but we go further than this and hold that whether the alley be public or private if it be actually laid out and opened and is appurtenant to the property abutting upon it the rule is the same. The call for the alley will carry the title to the center line in the absence of an expressed intention by the grantor to the contrary." Nothing in the finding of facts warrants the conclusion that the grantor of the alley in question intended to retain a title to the four-foot strip. He could not occupy it and its width and length and relation to the lots to which it is appurtenant forbid the inference that it could have been the intention of the grantor to retain the fee in the alley. It was held in Duross v. Singer, 224 Pa. 573, that "the owner of land who grants a right of way over it conveys nothing but the right of passage and reserves all the other incidents of ownership and may build over the way provided he does not materially impair the use of the easement by obstructing the way and shutting off the light necessary for its reasonable and convenient use." Such act of the owner is consistent with his title but must be exercised with due regard to any person interested in the way. The fee of one of these lots being in the defendant, Wm. F. Leb-

zelter, and he being a cestui que trust as to the other and presumably having the consent of the holder of the legal title to the construction of the roof the defendants occupy the same relation to the right of way which would exist if they had made the grant over their own land and have the right to use the space occupied by the roof, provided it in no wise obstructs or hinders the plaintiff. She does not allege that her enjoyment of the easement is in any degree interfered with and nothing in the agreement of facts permits the inference that she has not all the privileges in every respect which she would have if the roof were removed. It is a passageway for pedestrians only and there is no suggestion that the structure of which the appellant complains at all impedes her free use of the way. It may be conceded that an owner of property abutting on one side of a private alley having merely the right in common with the other abutting owners for passage over the alley could not construct a shed extending "almost" over the entire width of the alley. This is the proposition which the appellant presents but it is not applicable to the facts in the case. Two opposite abutting owners are acting in concert and are exercising their right with reference to the soil in a way not inconsistent with the rights of the plaintiff. It is not the case of an adjoining owner on one side of the way so using it as to subject another entitled to the use thereof to a risk in ingress and regress as in Mershon v. Fidelity Ins. Trust & Safe Dep. Co., 208 Pa. 292; nor where one erects an actual obstruction in the way as was done in Gebhart v. Graves, 36 Pa. Superior Ct. 228, in the form of a fire escape built out over the alley; nor of an abutting owner whose property is not appurtenant to the way who erected a fire escape therein and thus subjected the alley to a use to which he was not entitled: Schmoele v. Betz, 212 Pa. 32; nor a case where a previous action had established the fact that the defendant maintained a nuisance in the way which was "a constant challenge to the plaintiff's right to have a free and unobstructed way over the alley:" Ellis v. Academy of

Music, 120 Pa. 608. If it can be shown that the plaintiff's enjoyment of the way is impaired even in a slight degree the fact that the person doing the injury owns the ground on the opposite sides of the way where the interference occurs does not justify such disturbance nor relieve him from an action, but in all of the cases cited by the learned counsel for the appellant the facts disclose some detriment to the party complaining and the absence of such a fact in this case justifies the court in the conclusion reached.

The decree is affirmed at the cost of the appellant.