## Hollenback, Appellant, *v.* Tiffany.

*Easements—Right of way—Alley—Block of lots.*

A right of way along an alley appurtenant to a particular lot cannot lawfully be used as a mode of access to another lot to which it is not appurtenant.

Argued March 7, 1912.   Appeal, No. 35, March T., 1912, by plaintiff, from decree of C. P. Lackawanna Co., Jan.

Term, 1910, No. 5, dismissing bill in equity in case of Frank Hollenback v. A. E. Tiffany. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction to restrain the maintenance of a fence. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court dismissing the bill.

*John P. Kelly*, with him *E. A. Delaney* and *H. Wilson*, for appellant, cited: Ferguson's App., 117 Pa. 426; Twibill v. Ry. Co., 3 Pa. Superior Ct. 487.

*Cole B. Price*, with him *John F. Reynolds* and *Samuel B. Price*, for appellee.—Under the construction attempted to be placed upon this exception and reservation by plaintiff's counsel, the right of way in the alley would be a personal right to the purchaser of any one of the said six lots, unconnected with the use of the lots purchased. This is impossible: Ackroyd v. Smith, 10 C. B. 164; Weekly v. Wildman, 1 Ld. Raym. 405; Shroder v. Brenneman 23 Pa. 348; Schmoele v. Betz, 212 Pa. 32; McCloskey v. Miller, 72 Pa. 151; Kirkham v. Sharp, 1 Wharton, 323; Lewis v. Carstairs, 6 Wharton, 193.

OPINION BY ORLADY, J., July 18, 1912:

The facts found by the court below are substantially as follows: A block of lots in Carbondale, bounded on the north by Maple avenue, on the south by Copeland avenue, on the east by Birkett street, and on the west by Belmont street, was divided into equal sections so that the Delaware and Hudson Company owned the section or half block of lots fronting on Belmont street, and Joseph Birkett owned the section or half block of lots fronting

on Birkett street, each abutting the other in the rear by a well-established line. Prior to 1894 Birkett subdivided his block into six divisions or separate lots and in making a sale of each of these to purchasers he incorporated in each deed a stipulation as follows: "Excepting and reserving on and from the rear or westerly end of the above described lot, ten feet for the purpose of an alley, for the mutual use and accommodation in common of the six purchasers of lots sold by the grantor (Birkett), in the block bounded by Maple Ave. on the north and Copeland Ave. on the south, their heirs and assigns forever."

By proper conveyances Hollenback, the plaintiff herein, became the owner of the western part of lots five and six with a fronting on Copeland street and extending at right angles thereto along the westerly end of the lots. In the deed by which Hollenback secured title to his property there is a proviso, "that ten feet on the rear end of said lot shall be reserved for an alley running from Copeland avenue on the westerly side of said lot to the northerly side of a public street. The intention being to dedicate an alley of ten feet wide on the rear of said lots for common use of the owners of said lots." He also became the purchaser of one of the lots in the section or half block of lots that fronted on Belmont street and extended to the division line or westerly end of the Birkett street section or half block of lots.

The defendant is the owner of one of the lots fronting on Birkett street and extending to the line in common between the two sections or half blocks, and his title is subject to the reservation above quoted. From these descriptions it is apparent that the alley mentioned was laid out by Birkett wholly on his own land, and is specifically reserved in all the conveyances from him for the particular, special, and personal mutual use and accommodation of the purchasers of these lots in common with the other purchasers of that block or half section, and that Hollenback as owner of parts of two of the Birkett street lots is entitled to the use and benefit of the alley,

and that as owner of the lot of the Belmont street half block, his title stops at the western line of the Birkett street lots, for which it calls as an adjoiner.

The Belmont street lot of the plaintiff, is in part opposite to the lot of the defendant, on its rear or eastern side and the plaintiff claims the right to use this alley for purposes of access to the rear of his Belmont street lot, on which he has erected a three story building—a barn and carriage house.

It appears further that there was at one time a fence on the line between the two sections or half blocks, which after many years became dilapidated to such a degree that in 1897 the defendant built a new fence on the site of the old one, which is on his westerly side of the alley. In 1906 this fence was in part dismantled by some unknown party when the defendant promptly rebuilt it, and has continued to maintain it, as it stood at the inception of this action, which is a bill in equity for a mandatory injunction to require the defendant to remove the fence and enjoin him from maintaining any structure in that place.

After due hearing the court below dismissed the plaintiff's bill on the authority of Schmoele v. Betz, 212 Pa. 32, in which case the authorities determining the rights of these parties are so fully collated and considered that it is not necessary to again review them. The conclusion therein reached is controlling here. This case was followed in Mershon v. Walker, 215 Pa. 41; Saccone v. West End Trust Co., 224 Pa. 554, and Carter v. Lebzelter, 45 Pa. Superior Ct. 478.

The judgment is affirmed.