## Chambersburg Woolen Co., Appellant, *v.* Hager.

*Equity—Easement—Waters—Findings of fact—Review.*

The grant of a fee subject to an easement carries with it the right to make any use of the servient soil that does not interfere with the easement.

A decree dismissing a bill in equity for an injunction to restrain interference with an easement in a stream, will be affirmed, where the court below has found as a fact based on sufficient evidence that there was no substantial interference with the plaintiff's easement.

Argued Oct. 27, 1916. Appeal, No. 321, Oct. T., 1916, by plaintiffs, from decree of C. P. Franklin Co., Vol. III, Equity Docket page 201, dismissing bill in equity in case of Chambersburg Woolen Company and John C. Mel-

64 CHAMBERSBURG WOOLEN CO., Appel., *v.* HAGER.

Statement of Facts—Opinion of the Court. [66 Pa. Superior Ct.

ville and William H. Duval, partners trading as Melville Woolen Company v. John K. Hager. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*Edmund C. Wingerd,* with him *Sharpe & Elder,* for appellant.

*George W. Atherton,* with him *Garnet Gehr* and *William S. Hoerner,* for appellee.

OPINION BY TREXLER, J., March 13, 1917:

The plaintiffs' bill of complaint recites that they are the owners of a large tract of land whereon is erected a woolen mill run partly by water power; that they are the owners of the bed of a stream known as Falling Spring, and that they have the right to the unobstructed flow of the water in said stream and the right to enter upon the bed thereof or the adjacent lands for the purpose of cleaning it. The wrong complained of is that the defendant is erecting a building across the bed of said stream extending from the one bank to a line within a few feet of the other bank and that part of the foundations of the building are placed in the bed of the stream and that by reason thereof the flow of the water of said stream is obstructed and the proper cleaning of said stream is interfered with and thus irreparable damage is done to the plaintiffs.

The court held that equity was not the proper form to try the question as to who had the fee to the race: Penna. Coal & Coke Co. v. Jones, 30 Pa. Superior Ct. 358, and cases there referred to. Plaintiffs contend that under

the Act of June 7, 1907, P. L. 440, the proper method to question the jurisdiction of the court upon the question that the suit should have been brought at law is by demurrer or answer explicitly so stating or by a prayer to the court to award an issue to try questions of fact: Nanheim v. Smith, 253 Pa. 380. This the defendant failed to do. We think the court had the right even if its view on this question was erroneous to dismiss the bill if the relief prayed for was not properly demandable. The question narrowed itself down not to a decision as to who had the title to the bed of the stream but as to whether plaintiffs' easement was interfered with. The court found that plaintiffs had no title to the bed of the stream where the alleged obstruction to the uninterrupted flow of the water took place. He found that the defendant owned to the middle of the stream and that the ground immediately north of defendant's property was owned by the Falling Spring Presbyterian Church. Under these findings, and they are sustained by the evidence, the only question left as stated before was whether the right of the plaintiffs to have the water to flow without interruption through the bed of the stream had been interfered with to such an extent as to warrant the interference of a court of equity.

We start out with the rule that the grant of a fee subject to an easement carries with it the right to make any use of the servient soil that does not interfere with the easement. The owner of the fee retains all the incidents of ownership and his successors in title have the undoubted right to the enjoyment of the fee in every way that does not materially impair the use of the easement: Library Co. v. Fidelity Trust Co., 235 Pa. 5. The lower court found that the pavilion erected by the defendant does not interfere in a substantial manner with the flow of the water in said stream. The opening under the pavilion is greater than that afforded by a bridge erected over the same stream about fifteen feet away. The trial judge found that the pavilion rests on the south side

upon the bank of the stream and that the piers supporting it on the other side extend at the most eighteen inches into the stream. The water which must pass under the bridge can be freely accommodated under the defendant's pavilion, for the reason as stated before that there is more room under the pavilion than under the bridge. We think the court was justified in finding that there was no substantial interference with the plaintiff's easement.

The pavilion extends over the entire stream and defendant's title goes to the center, but the owner of the other half does not seem to be concerned in the case nor has any effort been made to make him a party. The pavilion has been erected several years and maintained apparently without objection from the owner of the other half of the stream. We think in this as in the case of Carter v. Lebzelter, 45 Pa. Superior Ct. 478, the consent of the holder of the title to the other half of the ground covered by the pavilion may be presumed. If the plaintiffs are trespassers on this land the evidence should show it. As to the right of the plaintiffs to clean the stream the court found that this right could be exercised notwithstanding the erection of defendant's pavilion and the only evidence submitted in this case upon this subject amply sustains this finding.

There are a number of assignments of error to the findings of the lower court. It will do no good to review them in detail. We find that there is evidence sufficient to support all of them.

The decree is affirmed. Appellants to pay the costs of this appeal.