## Engel et ux. v. Cuddeback

*Karl A. Wagner,* for complainants.

*Dorothy Stroh Tisdale* and *Sidney L. Krawitz,* for respondent.

DAVIS, P. J., January 31, 1947.—Plaintiffs filed their bill praying:

(*a*) That a mandatory injunction issue compelling defendant to remove two fences erected along a right of way over land of plaintiffs granted to defendant by plaintiffs.

(*b*) That defendant, his agents, workmen and employes and servancts be perpetually prohibited and restrained from constructing, building or placing any fence or fences or any obstruction of any nature or

kind along said right of way which will interfere with plaintiffs' passageway across the same or access from one portion of his field to the other portion.

(c) That plaintiffs be adjudged their damages sustained by reason of the aforesaid acts committed by defendant.

(d) Further relief as may be just and proper.

Defendant filed preliminary objections to the bill. Plaintiffs moved to amend the bill. By stipulation of counsel the preliminary objections were withdrawn and the amendment allowed and the case came on for hearing. After hearing counsel for plaintiffs and defendant filed requests for findings of fact and conclusions of law and duly argued the matter.

The issues raised as stipulated by counsel are:

1. Whether or not defendant in this action had or has the right to construct, maintain, keep and continue the barbed wire fences along the right of way in dispute.

2. Whether or not defendant is entitled to a way of necessity on and over the lands of plaintiffs, and if he is entitled to a way of necessity, has the right to construct, maintain, keep and continue fences along the easterly and westerly sides of the said right of way.

From the evidence in the case the court finds the following facts:

1. That plaintiffs and defendant exchanged certain lands situate in Westfall Township, Pike County, Pa., by deeds of July 23, 1942; plaintiffs conveying to defendant a tract of 25 acres, more or less, and defendant to plaintiffs a tract of 27.1 acres, more or less, including Hall's lane which was the only means of access to defendant's farm from the Milford-Matamoras Highway prior to the exchange of lands.

2. That at the time of said conveyance plaintiffs agreed to give to the defendant a right of way from his lands across the lands of plaintiffs, being the 27.1-acre

tract and other lands of plaintiffs to the State Highway which leads from Milford to Matamoras, Pa., as shown on plaintiffs' Exhibit 5.

3. That said right of way agreement was actually executed September 18, 1943, plaintiffs granting and conveying to defendant a right of way as set forth and described in plaintiffs' Exhibit 4. For the purpose of this suit the pertinent parts of this agreement are substantially as follows: Grantors conveyed unto grantee, his heirs and assigns, the free and uninterrupted use, liberty and privilege of and passageway in and over lands of grantors for a certain roadway (describing termini), said right of way to be of a width of 30 feet, 15 feet on each side of a described center line, together with the free ingress, egress and regress to and for said grantee, his heirs and assigns, his and their tenants, occupiers or possessors of the lands of grantee at all times and seasons forever hereafter, into, along, over, upon and through said right of way, in common, however, with grantors, their heirs and assigns, tenants, occupiers or possessors of the lands of grantors.

4. That in the conveyance from defendant to plaintiffs for the 27.1-acre tract of land, defendant reserved a right of way (called the westerly right of way in the testimony) along the westerly boundary line of this tract of land, of a width of 30 feet, with the right to fence said right of way.

5. That the distance along the Milford-Matamoras Highway from the tract of land conveyed to defendant by plaintiffs to certain pasture lands supposedly leased by defendant is 1,541.75 feet.

6. That Schoenagel's survey of July 3, 1942, being plaintiffs' Exhibits 7 and 8, accurately shows the exchange of lands in question with the right of way which is in dispute superimposed thereon, and also shows the westerly right of way reserved by defendant in his deed to plaintiffs.

7. That the right of way granted to defendant by plaintiffs cuts through an open field of plaintiffs, being the 46.3-acre field set forth on Schoenagel's survey, which is cultivated on both sides of the right of way.

8. That defendant constructed and placed two barbed-wire fences—the one on the easterly side of the right of way; the other on the westerly side of said right of way.

9. That the roadway now physically present and located over and upon the lands of Solton Engel and wife, and being the roadway on which the fences in dispute are built, is located within the 30-foot right of way given to defendant, Donald D. Cuddeback, by deed of right of way from Solton Engel and wife, dated September 18, 1943.

10. That the construction of said fences by defendant obstructs the passageway of plaintiffs across their cultivated field; that is, across said right of way in an easterly to westerly direction or vice versa.

11. That defendant used the westerly right of way reserved by himself in his deed to plaintiffs to drive cattle to his pasture land prior to his construction of the barbed-wire fences along the right of way in dispute.

12. That defendant has refused to remove said barbed-wire fences.

A right of way is an affirmative easement imposing upon the owner of the servient tenement the obligation of submitting to something being done within the limits of his own property. The extent of the right depends upon the grant if it is not claimed to exist by prescription. An examination of the right of way agreement discloses that the right to fence said right of way is not expressly given. Grantors are the owners of the fee. They may use the land for the purpose of crossing or for any other purpose which does not interfere with

the rights granted to the owner of the dominant tenement: Duross v. Singer, 224 Pa. 573; Chambersburg Woolen Co. v. Hager, 66 Pa. Superior Ct. 63, 65. There is nothing in the agreement that restricts grantors from entering upon this roadway not only at the termini thereof but at any point along the same. Fences along the sides thereof clearly restrict the right of entry thereto. We fail to see how the right of entry at any point interferes with the right of passage as contained in the grant.

It is the general rule that the owner of an easement has no right to build fences along the sides of a way: 19 C. J. §241; 28 C. J. S. §98. Pennsylvania follows the general rule. The cases are not numerous. A very similar question arose in Delaware County and was disposed of in an opinion by Clayton, P. J., who said in part:

"For the purposes of the present case, it may be granted that the right created was for a passage way for all purposes necessary to the full enjoyment of the dominant tenement, as the only questions raised on the trial were the right in the owner of the tenement to fence the way, and perhaps, to permit his cattle when passing thereon to graze upon the ground enclosed as the way. The principal question was the right to build and maintain a fence upon the line ten feet from the Johnson tract, along the entire way.

"Upon the general principle, that every easement is a restriction of the right of property over the lands of another, the question is, whether the grant is co-extensive with the right claimed. Gale & Whatley's law of Easements, §212."

. . . . . . . .

"The only right, therefore, to compel the owner of a way to fence, or to permit him to do it against the will of the owner of the land over which the way passes, must depend upon legislation or agreement of the par-

ties, where it is not given in the original grant. We have legislation on the subject as to private ways opened by process of law, but none as to the ways granted by deed, it is questionable whether any legislation could extend the operation of a grant, to rights not intended to be granted, at least so far as respects grants already in existence. There was, therefore, clearly no right in the defendant to build or maintain the fence in question, and still less right to build it as a party fence, partly out of the limits of the ten feet granted, and upon the unincumbered lands of the plaintiff, and in so doing he was a trespasser." Taylor v. Coppock, 1 Del. Co. 116.

The case of Moffitt v. Lytle et al., 165 Pa. 173, considers the same question. The owner of the dominant tenement relied upon a reservation in the following form (p. 177) :

" 'Said party of the first part reserves the right of road or lane from said Franklin and Mercer road along said west line and McElhinny's east line eighteen feet wide to said party of the first part's fields or orchard.' "

The owner of the way erected a short piece of fence on the way but so as to cut off access to the barn of the owner of the servient tenement. The court said (pp. 177, 178) :

"The plaintiff's right of way over the land gave him no right to build a fence and the defendants were not guilty of any trespass when they tore it down."

. . . . . . . .

". . . the plaintiff had no right to build a fence even on the right of way so as to shut off access to the defendant's barn. The land on which it was built was the land of one of the defendants, the plaintiff having nothing but a right of way over the surface which did not need a fence in order that the plaintiff might enjoy his right."

In the light of these decisions, we find that under the grant to defendant, he has no right to build or maintain a fence along either side of the right of way.

We now pass to a consideration of the first part of the second question. Is defendant entitled to a way of necessity over the lands of plaintiff to the Milford-Matamoras road?

Defendant has one right of way from his farm to this road contained in the expressed grant hereinbefore discussed. Plaintiff does not contend that this defendant cannot use this right of way. He contends that he can use it and that he can drive his cattle over it if he so desires. Defendant also admits that he has another way from his farm to the said road over what is known as the westerly right of way and his own lands. A part of this way is through wooded lands and over a steep hill. As a matter of fact the testimony discloses that defendant does not complain that he has no right of way or that the right of way is not conveniently or properly located. He argues that cattle passing over the unfenced way would trespass on the adjoining land, unless accompanied by a sufficient number of persons to prevent the trespass. This would involve a financial burden which he is not able to bear. Consequently, necessity requires that he have a fenced right of way.

Under these facts it is clear that no right of way of necessity exists. This doctrine was well stated in the case of McDonald v. Lindall, 3 Rawle 492, 495 (1827) in the following language:

"The right of way from necessity, over the land of another, is always of strict necessity, and this necessity must not be created by the party claiming the right of way. It never exists where a man can get to his property through his own land. That a road through his neighbours would be a better road, more convenient, or less expensive, is not to the purpose; that

the passage through his own land is too steep or too narrow does not alter the case. It is only where there is no way through his own land, that the right of way over the land of another can exist."

In Ogden et al. v. Grove, 38 Pa. 487, 491, after quoting from the above case, the court said:

"The usual instances of a right of way from necessity to be found in the books, are where there have been grants of land surrounded on all sides by other lands of the grantor, or by his lands and those of strangers, then if no outlet exists otherwise, then it will be a way of necessity over the grantor's land. So will it be if the grantor retain the interior, and grant away the exterior land; Woolrich 20.

"Convenience is no foundation for the claim, nor is actual detriment to the possession of the claimant resulting from a necessity of a way through his own property, any reason to claim it through that of a neighbour."

In Stein v. Bell Telephone Co., 301 Pa. 107, 111 (1930), the court said:

"Hence, to close the lot on Center Street will injure but not destroy plaintiff's business. This, however, is a business reason and affords no ground for treating the Center Street entrance as a way by necessity": McDonald v. Lindall, supra.

We, therefore, must conclude that defendant is not entitled to right of way of necessity.

### Conclusions of law

1. Donald D. Cuddeback, defendant, has the legal right to use the roadway or right of way granted to him by Solton Engel and Julia B. Engel, his wife, plaintiffs, by agreement dated September 18, 1943, and recorded in the Office of the Recording of Deeds, etc., at Milford, Pa., in and for the County of Pike, in Deed Book, Vol. 99, p. 417.

2. Donald D. Cuddeback, defendant, has no legal right to erect or maintain a fence along either side of said right of way described in conclusion of law no. 1.

3. Solton Engel and Julia B. Engel, his wife, plaintiffs, are entitled to a mandatory injunction compelling Donald D. Cuddeback, defendant, to remove the barbed-wire fences which he erected along each side of said right of way.

4. Solton Engel and Julia B. Engel, his wife, plaintiffs, are entitled to an injunction prohibiting and restraining Donald D. Cuddeback, said defendant, his workmen, employes and servants, from constructing, building or maintaining any fence or fences along said right of way.

5. Solton Engel and Julia B. Engel, his wife, plaintiffs, are not entitled to damages.

### Order and decree

And now, January 31, 1947, it is ordered, adjudged and decreed that Donald D. Cuddeback, defendant, remove the barbed-wire fences, including posts, existing along the passageway granted to him by Solton Engel and Julia B. Engel, his wife, plaintiffs, by agreement dated September 18, 1943, and recorded in the Office of the Recording of Deeds, etc., at Milford, Pa., in and for the County of Pike, in Deed Book, Vol. 99, p. 417, within 70 days from the date of this decree. It is further ordered, adjudged and decreed that an injunction issue enjoining and restraining defendant, Donald D. Cuddeback, his workmen, employes and servants, from constructing, building or maintaining any fence or fences on or along said right of way.

Costs to be paid by defendant, Donald D. Cuddeback.

This decree to be entered nisi and unless exceptions be taken thereto as provided by law and the equity rules the prothonotary is directed to enter the same as a final decree.