396 A.2d 707

**Pemberton Craig MATHUES and Gail K. Mathues, his wife**

v.

**PROVIDENCE FRIENDS SCHOOL, INC., Appellant.**

Superior Court of Pennsylvania.

Argued March 22, 1978.

Decided Dec. 29, 1978.

William T. Windsor, Jr., Philadelphia, for appellant.

Robert M. Rowlands, Havertown, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Delaware County, sitting in equity, enjoining lateral use of an easement owned by appellants.

The facts are not in dispute. Plaintiffs own a parcel of land in Media, Pennsylvania, which is set back some distance from a road known as Providence Road. This property is connected to the Providence Road by a 22′ wide driveway over which the defendant-school has an easement from its

property located along the driveway to Providence Road. Also along this 22' driveway and across from defendant-school's property is the property of the Providence Monthly Meeting of Friends, Inc. (Providence Friends), a separate corporate entity and not a party to this action. Plaintiffs' property lies to the east of the defendant's and of Providence Friends properties and Providence Road abuts the property of the defendants and of the Providence Friends on the west side (see appendix for map). The parties trace their title through the common grantors, Ernest and Mary Chapman. In the line of title to the plaintiffs' deed there is contained the following reservation in favor of the Chapmans.

> "RESERVING, however, unto the said Ernest R. Chapman and Nora L. Chapman, his wife, their heirs and assigns, the full right, liberty and privilege of said twenty-two foot wide driveway second above described, as and for a passageway and water course leading into and from Providence Road, and free ingress, egress and regress into and along the same at all times hereafter forever in common with the said Mark K. Dresden and Alice W. Dresden, his wife, their heirs and assigns, owners and tenants, so that the said Ernest R. Chapman and Nora L. Chapman, his wife, their heirs and assigns, shall at all times hereafter forever have and enjoy the free and uninterrupted right, liberty and privilege of the said twenty-two foot wide driveway as and for a passageway and water course into and from Providence Road as well as the right to lay in the bed of the said twenty-two foot driveway throughout its entire length from the Easterly side of the Providence Road to the Easterly boundary of the Borough of Media all public utilities and facilities such as water, electricity, sewer, gas and telephone that the said grantors, their heirs and assigns may deem necessary." (19a).

The tract that Chapmans kept is presently owned by defendant-school and is the site of a high school. The school

has its principal offices and some of its classrooms in the meeting house owned by Providence Friends located on the opposite side of the driveway. Students and school personnel have been walking across the driveway (10′ of which is paved) from the school to the meeting house and back with resultant damage to the non-paved portion of the strip. Plaintiffs concede that the students and school personnel have a right, as invitees of the school, to use the driveway, but contend that the clause creating the easement limits them to walking along the driveway to Providence Road and then walking a short distance on a sidewalk along Providence Road, and from Providence Road up a row of stone steps to the meeting house.

This case is controlled by *Hollenback v. Tiffany,* 50 Pa.Super. 297 (1912). The plaintiff owned property on both sides of an alley running north and south. When the land on each side of the alley was divided into lots, the deeds to the lots included the following clause:

"Excepting and reserving on and from the rear or westerly end of the above described lot, ten feet for the purpose of an alley, for the mutual use and accommodation in common of the six purchasers of lots sold by the grantor (Birkett), in the block bounded by Maple Ave. on the north and Copeland Ave. on the south, their heirs and assigns forever."

The deed by which the plaintiff acquired title to parts of two lots bounded by the alley included the following proviso:

"[T]hat ten feet on the rear end of said lot shall be reserved for an alley running from Copeland avenue on the westerly side of said lot to the northerly side of a public street. The intention being to dedicate an alley of ten feet wide on the rear of said lots for common use of the owners of said lots."

Plaintiff also owned lots on the western half of the block, and sought to use the alley to reach these lots, contending, in effect, that the right to travel along the alley to reach the

public street included the right to travel across the alley to reach his lots on the other side. Defendant, another lot owner in the eastern half of the block, erected a fence along the alley that prevented this use. Plaintiff's bill in equity in which he sought the removal of the fence was dismissed by the lower court, and the dismissal was summarily affirmed by the Superior Court, which cited *Schmoele v. Betz,* 212 Pa. 32, 61 A. 525 (1905). The latter case holds that:

> "It is settled that an easement of a right of way over another's property is appurtenant to the particular piece or lot of land of the dominant owner with which it is granted, and is not personal to the owner, authorizing him to use it in connection with other real estate he may own abutting on the right of way."

The language that created the easement involved in *Schmoele v. Betz* was identical to that in the instant case: the use was granted "as a passageway and water court[.]" We are thus unable to escape the conclusion that the instant easement grants only a right to use the driveway as a means of access to Providence Road, and that the court below correctly enjoined lateral use.

Order affirmed.

VAN der VOORT, J., files a dissenting statement.

HOFFMAN and SPAETH, JJ., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

I respectfully dissent. To interpret the grant of an easement as and for a passageway into and from a road as allowing the use of that easement lengthwise but not crosswise is fallacious and entirely too restrictive. If it were the intention of the grantor to forbid the lateral use of the easement by the dominant estates he should clearly say so in his grant.