# Schmoele, Appellant, v. Betz.

*Easement—Right of way—Alley.*

An easement of a right of way over another's property is appurtenant to the particular piece or lot of land of the dominant owner with which it is granted and is not personal to the owner authorizing him to use it in connection with other real estate he may own abutting on the right of way:

Where the owners of lots abutting on an alley have the right to use the alley "as and for a passageway and water course," the owner of one of the lots who is also the owner of a theater situated on the other side of the alley, has no right against the objection of a lot owner having an easement in the alley to erect a fire escape consisting of two balconies on the wall of the theater overhanging the alley opposite the lot of the objecting owner.

*Alley—Obstruction—Tenant for 999 years.*

A tenant of land for 999 years has a right while in possession of the premises to protect his easement in an alley on the premises against third persons by an action at law or a suit in equity.

*Alley—Easement—Obstruction—Fire escape.*

The owner of an easement in an alley for a passageway and water course may enjoin the owner of the land on the opposite side of the alley who has no easement therein, from erecting a fire escape on his wall so as to overhang the alley, although the use of the easement is not materially impaired.

Argued March 23, 1905. Appeal, No. 23, Jan. T., 1905, by plaintiff, from decree of C. P. No. 5, Phila. Co., March T., 1904, No. 1879, dismissing bill in equity in case of Charles Schmoele and Ida Schmoele, trustees, v. John F. Betz and John G. Jermon. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Bill in equity for an injunction. Before RALSTON, J.
The facts are stated in the opinion of the Supreme Court.
The court entered a decree dismissing the bill.

*Errors assigned*, amongst others was decree dismissing the bill.

*Frank P. Prichard*, with him *Thomas S. Gates*, for appellants. —Defendant had no right whatever to maintain on the theater wall overhanging the alley a fire escape intended to enable the

patrons of the theater to use the alley: Patterson v. P. & R. R. R. Co., 8 Pa. C. C. Reps. 186; Stevenson v. Stewart, 7 Phila. 293; Kirkham v. Sharp, 1 Wharton, 323; Lewis v. Carstairs, 6 Wharton, 193; Shroder v. Brenneman, 23 Pa. 348; Coleman's App., 62 Pa. 252; Greenmount Cemetery Co.'s App., 4 Atl. Repr. 528; Greene v. Canny, 137 Mass. 64.

Plaintiffs were entitled to maintain a bill to enjoin such erection irrespective of proof of actual damage: Hacke's App., 101 Pa. 245; Miller v. Lynch, 149 Pa. 460; Ellis v. Academy of Music, 120 Pa. 608; Mershon v. Fidelity Ins. etc. Co., 208 Pa. 292; Greene v. Canny, 137 Mass. 64.

The facts showed such a change of condition and use of the property as amounted to a substantial interference with the plaintiff's right.

*Samuel Gustine Thompson*, with him, *Walter Willard*, for appellees, cited: Patterson v. Philada. & Reading R. R. Co., 26 W. N. C. 327; Stevenson v. Stewart, 7 Phila. 293.

OPINION BY MR. JUSTICE MESTREZAT, May 8, 1905:

This bill was filed to restrain the defendants from maintaining a fire escape over and across an alley in the rear of the plaintiff's premises. The facts which we deem material and were found by the trial judge and not excepted to are the following:

1. The plaintiffs are the owners of a leasehold estate for 999 years in the lot of ground No. 246 N. Franklin street, Philadelphia, containing in front on Franklin street twenty feet and extending of that width westward between parallel lines at right angles with Franklin street one hundred and twenty-two feet eight inches to a three feet four inches wide alley leading northward into Vine street, together with the free and uninterrupted use, right and privilege of the said alley as and for a passageway and water course in common with the owners and occupiers of the other ground abutting thereon.

2. The defendant, John F. Betz, is the owner of No. 248 N. Franklin street, adjoining the plaintiff's lot, with the same right as the plaintiffs to the use of the alley.

3. The defendant, John F. Betz, is the owner, and the defendant, John G. Jermon, is the lessee of a lot of ground with

a theater building thereon, situated on the south side of Vine street one hundred and twenty-six feet west of Franklin street, containing in front on Vine street eighty-one feet and extending of that width in length or depth one hundred feet. The east wall of the theater forms the western boundary of the alley, but in the deeds conveying the theater lot no privilege of the alley is granted.

4. The defendants have erected on the east wall of the theater a fire escape consisting of two balconies constructed of iron slats, which overhang the alley opposite the rear of lots Nos. 246 and 248 N. Franklin street, and have also constructed a permanent stairway from the lower balcony over No. 248 N. Franklin street, which is owned by the defendant, John F. Betz; the rear fence of this property has been moved forward, and the open space abutting on the alley is utilized for the foot of the stairway. The lower balcony is about sixteen feet above the pavement of the alley.

5. The titles of the plaintiffs and defendants came originally from a corporation, the common grantor. The corporation first conveyed the theater property, now owned by defendant Betz, and in the description of the lot in the deed no alley is mentioned, and the lot is described as bounded eastward by other ground of the parties of the first part. At the date of this conveyance the alley had not been dedicated as a passage and no privilege of the alley is granted nor is it referred to in the conveyance. In the subsequent deeds in the line of title down to the defendant Betz, the alley is not described as a boundary nor is any privilege of the alley granted. The plaintiff's lot was conveyed, " together with the free use, right, liberty and privilege of the said three feet four inches wide alley as and for a passageway and water course in common with the parties of the first part hereto, their successors and assigns, owners and occupiers of the other ground bounding thereon, and the laying and repairing therein pipes of conduit, for the purpose of introducing Schuylkill and other water from the said Vine street into the thereby granted premises, or any part thereof."

In addition to the above, the learned trial judge found that the plaintiffs have not been obstructed in their right to the use of the alley as a passageway and water course, that the fire

escape does not in any material respect impair the use of the plaintiff's easement and in no way interferes with their use of the alley. These findings of fact are excepted to and assigned for error. The court held as conclusions of law that the plaintiffs "have simply a right to use the alley as a passageway and water course;" that at the rear of No. 248 N. Franklin street, the defendant Betz being the owner of both sides of the alley "may at that point erect such structures as he chooses so long as he does not interfere with the easement in the alley;" and "that the defendants have a right to maintain the stairway and that part of the fire escape which is opposite the rear of No. 248 N. Franklin street." The learned judge accordingly refused the injunction prayed for in the bill, and the plaintiffs have appealed.

We think that on the uncontroverted facts in this case it was clear error to refuse the relief prayed for in the bill. It is manifest from the cases he cites that the learned trial judge was led into error by a misapprehension of the facts of this case. The authorities he cites have no application here. In both cases, the owner of the fee had granted a right of way over the premises, retaining the ownership of the soil, and it was held that the grantee could not enjoin him from building over the alley if it did not interfere with the use of the way. But those are not the facts in this case. The parties to this suit hold under a common grantor who first conveyed the theater property by metes and bounds before the dedication of the alley in question and with no reference to an alley or to a right of way over an alley. The eastern boundary of the property is described in all the deeds of the defendants' chain of title as "ground now or late of," etc. Hence it is clear that the defendants, as the owners of the theater premises, have neither ownership nor easement in the soil of the alley and, therefore, have no right to utilize or obstruct the alley for any purpose.

The defendant Betz is the owner of the lot at No. 248 N. Franklin street, which adjoins the plaintiff's lot and at the rear abuts on the alley with the same rights over it as the plaintiffs have. Prior to the sale of any of the lots abutting on the alley, it was dedicated as a passageway by the owner of all the ground to the use of the lots on the eastern side of the

alley. It is appurtenant alike to all of them, and the owners of the several lots have the same easement in and over the alley. The easement thus acquired by Betz when he purchased the premises at 248 N. Franklin street was appurtenant solely to those premises, and did not extend to the theater property nor to any other property which he possessed. The purchase of that property, therefore, invested him with no authority to erect or maintain a fire escape on the east side of his theater over and across the alley, and in maintaining such a structure he is invading the property rights of the plaintiffs and other lot owners who have a like easement in the alley. It is settled that an easement of a right of way over another's property is appurtenant to the particular piece or lot of land of the dominant owner with which it is granted and is not personal to the owner authorizing him to use it in connection with other real estate he may own abutting on the right of way. In Kirkham v. Sharp, 1 Wharton, 323, the owner of a large lot of ground conveyed to another a small part of it fronting on a street together with the use of an alley extending a certain depth from the street alongside of the lot granted. Subsequently, the owner of the large lot sought to extend the depth of the alley beyond the smaller lot so as to connect it with another alley leading from the rear of the large lot. It was held that this could not be done against the objection of the grantee of the smaller lot. Chief Justice GIBSON in discussing the rights of the parties says (p. 334) : " It is certain that the ungranted residue of a right of way may be annexed to a particular messuage or close, either by express stipulation or necessary implication, according to the occasion of the grant. An instance of this might be found in the disposal of houses surrounding a court, originally destined to be a common avenue to them, in which it would be sufficiently obvious from the disposition of the property, that the right of way had been appended to the houses and not to the owner of them. By the act of laying out the ground as a court, it would be allotted to the houses intended to adjoin it, so as to pass with them as an appurtenance ; and the right of the owner would be correspondingly qualified by the nature of the use to which it was dedicated. Sales of the houses would successively abridge it, till it was ultimately extinguished along with his property in

the last of them, when the purchasers might, by common consent, bar the entrance against his person, notwithstanding his legal title, just as they might bar it against a stranger. During his ownership of but a part of the property, he would be entitled to no privilege that he had not originally annexed to it, nor could his right to use the court as a thoroughfare to a messuage or close adjoining him on the further side be greater than that of any of his grantees. Is not that the case before us? . . . . It is plain, therefore, that to make the alley an appurtenance to what it was not at the time of the purchase, would be a fraud upon the contract." In Lewis v. Carstairs, 6 Wharton, 193, Burd conveyed a lot to Sims together with the use of an alley as a passage in common with Burd " and his heirs and those to whom he may likewise grant the same " privilege. Subsequently, Burd conveyed the residue of his property to Murray who was also owner of other lots adjoining the alley. This court held that Murray could not use the alley for his other lots. In delivering the opinion Chief Justice GIBSON says (p. 206): " The easement passed from Burd to Murray as appurtenant to the residue of Burd's ground; and it could pass in no other way, for the conveyance contained no power in gross to grant it without stint. On that state of the case, then, Murray could not append it to ground to which it was not appendant before." In Shroder v. Brenneman, 23 Pa. 348, both parties owned the property adjoining an alley and with a right of way over the alley as appurtenant. The defendant also owned another property on the alley to which the alley was not appurtenant. It was held that the defendant could not erect a hydrant in the alley for the use of the lot to which the alley was not appurtenant. WOODWARD, J., delivering the opinion says, (p. 350): " It is a well-settled rule of law, that if a man have a right of way over another's land to a particular close, he cannot enlarge it and extend it to other closes, and this whether his right be by user or by deed. . . . The reason of the rule is stated in Howell v. King, 1 Mod. 190, and runs through the subsequent cases, that if the law were not so, the owner of the close to which the right is appurtenant might purchase an indefinite number of adjoining acres, and annex the right to them, by which the grantor of the way might be entirely deprived of the benefit of his land; a reason which

applies with all its force to a private alley like that in respect to which this suit was brought. Entitled to the use of this alley for the purposes of the lot purchased of Metzgar, if Shroder can use it also for the convenience of the lot he purchased from Withers, there is nothing to prevent his use of it in connection with any other lots he may purchase along the alley, and thus Brenneman may be annoyed with the general use of a right granted only for a special purpose. The right is not personal to Shroder, but appurtenant to his one specific lot, and the necessary limitation of its extent is found in the terms of the grant." The principle of these cases is recognized and approved in Coleman's Appeal, 62 Pa. 252 ; Greenmount Cemetery Co's. Appeal, 1 Sadler's Reps. 371 ; Greene v. Canny, 137 Mass. 64 ; Howe v. Bell, 143 N. Y. 190.

We infer from the language used in the opinion that the learned trial judge thought the right of the plaintiffs to the relief sought in this suit was in some way affected unfavorably by the fact that they are tenants for 999 years, and not the owners in fee of the Franklin street property. We regard this position as untenable. The tenant while in possession of the premises has a right to protect his possession against third persons by an action at law or a suit in equity. This proposition is self-evident and is well stated with a citation of numerous cases of the state and federal courts to sustain it in 18 Am. & Eng. Ency. of Law (2d. ed.), 453, as follows : " After he (the tenant) has entered into possession he is, as to third persons, to be regarded as the owner, and may maintain, to the same extent as any other owner in possession, trespass quare clausum fregit for any unlawful interference with his right of possession, or trespass on the case for indirect or negligent injuries to his possessory right, and may also seek protection of his rights in a court of equity." In Hamilton v. Dennison (Conn.), 1 L. R. A. 287, it was held that a tenant at will under a parol lease could maintain an action for damages for obstructing a passageway appurtenant to his premises. PARK, Chief Justice, delivering the opinion, says (p. 288) : " The defendant claims that the plaintiff, being only a tenant at will of the premises under a parol lease, had not sufficient interest in the way to enable him to maintain this suit. We think this claim is unfounded. The plaintiff was in possession of the premises, and

in possession of the way, and this was sufficient to enable him to maintain a suit against the wrongdoer who disturbed his possession." In Gale on Easements, 571, it is said that " an injunction to restrain an obstruction to light has been granted at the suit of a yearly tenant, and of a tenant, whose time had expired after the obstruction, and he had agreed to renew."

We do not agree with the trial court that the plaintiffs cannot restrain the defendants from maintaining a fire escape unless they show that it in some material respects impairs the use of the easement. The erection of the fire escape by the defendants was a trespass and an infringement of the rights of the plaintiffs in the alley, and the right of the latter to the easement being conceded, equity will direct a removal of the obstruction and enjoin a continuance of the trespass without proof of actual damages. Such is the doctrine of all our cases. Hacke's Appeal, 101 Pa. 245, was a bill by a lessee of property with the use of an alley appurtenant, and the court entered a decree directing the defendants to remove an obstruction from the alley. In delivering the opinion Mr. Justice TRUNKEY says (p. 249): " It has long been settled that nuisances to rights of way are one of the classes of cases in which the equitable remedy by injunction may be sought. . . . . This right of way is founded upon contract, the grant being shown by the respective deeds under which Brown and Hacke hold their lots. The owner has a right to its enjoyment in the mode and form stipulated for in the deeds. The mere fact that the appellants prevent such enjoyment is sufficient ground for interference of the court by injunction. It is not necessary that the owner should prove damage to entitle him to his property. Like rule applies as if the right existed by covenant directly between Brown and Hacke, and in such case when the covenant is of such nature that it can, consistently with the principles of equity, be specifically enforced, the court will not, unless under very exceptional circumstances, take into consideration the comparative injury to the parties from granting or withholding the injunction." Ellis v. Academy of Music, 120 Pa. 608 was a case for the erection of a bridge over an alley which the plaintiff had the right to use as a passageway and water course. The trial court charged in part as follows, which was the subject of one of the unsustained assignments of

error (p. 611) : " Parties having the use of an alley which is ,
free and unobstructed, are entitled to the same use of it that
the public is entitled to on its highways.  If it is wrong for
a private owner, owning on both sides of the street, to shed
over the street, it is wrong for a private owner to shed over an
alley if the owners object.  No matter if they are not injured
to any considerable extent, still if their legal right is invaded,
they are entitled to have that right vindicated by verdict and
judgment in their favor establishing the right and its invasion."
This court in affirming the judgment for the plaintiff said
(p. 623) : " The right, whether in the fee or only in the way,
was common to both parties, so that neither, without the assent
of the other, had the right to alter the character of the alley in
any particular.  Nor did the court err in charging that par-
ties who are entitled to a free use of an alley, have the same
right in it that the public has in its highways, and that if the
way in this case were vacated, the soil would belong to the
plaintiff and defendant as tenants in common.  By the sev-
eral grants to these parties, their properties were not only
bounded on the alley in controversy, but it was made appurte-
nant to those properties.  Nothing, therefore, was left in the
owner, and if the fee did not vest in these grantees it is hard to
tell where it is. "

Nor can we assent to the finding of the trial judge that " the
plaintiffs have not been obstructed in their right to the use of
the alley as a passageway and water course," and that the fire
escape " does not in any material respect impair the use of the
easement " of the plaintiffs in the alley.  The fire escape had
two balconies overhanging the alley and extending longitudi-
nally over the greater part of it.  Its purpose was to afford an
exit from the theater in case of an emergency, and the evidence
shows that it had been used for that purpose.  This imposed
an additional servitude on the alley and interfered with the use
of it by the plaintiffs and others having an easement in it.
Doors of the theater opened on the fire escape and persons
were thus enabled to use it at any time for either a proper or an
improper purpose.  It appeared that on some occasions boys
had gone on the fire escape from the theater and annoyed the
occupants of the property on the east side of the alley.  Parties
using the alley take the risk of things placed on the fire escape

falling on them, as well as the structure itself falling. Rain and snow impregnated with accumulations of dirt and rust would fall from it on persons passing through the alley. It is manifest, we think, from the evidence that the fire escape was an obstruction to, and an interference with, the use of the alley, and that it was clear error for the court to find to the contrary.

The decree is reversed at the costs of the appellees, and it is now ordered, adjudged and decreed that the bill be reinstated and that the defendants remove the fire escape from the alley and that an injunction issue restraining them perpetually from maintaining a fire escape over and across said alley.