# Oliver v. Ormsby, Appellant.

*Deed—Boundaries—Alley—Call for alley.*

Whether an alley be public or private, if it be actually laid out and opened, and is appurtenant to the properties abutting upon it, on both sides, a call for the alley in a deed will carry the title to the center line, in the absence of an expressed intention by the grantor to the contrary.

Argued April 19, 1909. Appeal, No. 88, Oct. T., 1909, by defendants, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1909, No. 801, on bill in equity in case of George T. Oliver et al., Trustees of Henry W. Oliver, deceased, v. Robert G. Ormsby et al. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for an injunction and to quiet title. Before SWEARINGEN, P. J., of C. P. No. 4, specially presiding.

The following plan indicates the locality of the alley:

Plan re-recorded in Deed Book Vol. 66, page 255

Grave Yard.

240 feet 9 inches.

Virgin Alley.

Sixth Street.

Carpenter's Alley, ten feet wide.

240 feet 9 inches.

Smithfield Street.

The facts are stated in the opinion of the Supreme Court.

The court entered the following decree:

And now, to wit: March 23, 1909, this cause came on to be heard at this term, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed as follows, viz.:

That the plaintiffs are the lawful owners in fee simple of the land formerly occupied by Freiheit's alley, originally called Carpenter's alley, in the city of Pittsburg, and extending ten feet in width from Oliver avenue to Sixth avenue; and,

That plaintiffs have a lawful right to the exclusive use and occupation of the said strip of land formerly occupied by said alley.

That the defendants are jointly and severally perpetually enjoined from any interference whatever with the possession and use of said strip of land formerly occupied by said alley, by the plaintiffs, and from any interference with the erection over said strip of land of the office building now being erected by the said plaintiffs.

That the foregoing decree is also entered pro confesso against all the defendants who have not entered appearances or filed answers in said cause.

*Error assigned* among others was the decree of the court.

*Wm. M. Hall,* with him *G. C. Burgwin, A. P. Burgwin, Frank C. Osburn, Chas. Gibbs Carter* and *George C. Flowers,* for appellants.—The rule applicable to an unopened street or private way is different from that applicable to a public street: Cole v. Philadelphia, 199 Pa. 464; Spackman v. Steidel, 88 Pa. 453; Ott v. Kreiter, 110 Pa. 370; Hobson v. Philadelphia, 150 Pa. 595; McNeal v. Rebman & Co., 168 Pa. 109; Gamble v. Philadelphia, 162 Pa. 413.

*David T. Watson,* of *Watson & Freeman,* with him *H. O. & B. H. Evans* and *Robert Woods Sutton,* for appellees.—It should be regarded as settled in Pennsylvania since the case of Ellis v. The Academy of Music, 120 Pa. 608, that where one owning land, lays out lots and an alley on which they front, and sells the lots calling for the alley as a boundary, that the title of the grantee goes to the center of the alley, even though a private one, and when the title of all the lots on both sides of the alley vests in the one person, this person becomes the owner of the entire alley: Haas v. Bergen, 167 Pa. 408; Rice v. Clear Spring Coal Co., 186 Pa. 49; Schmoele v. Betz, 212 Pa. 32; Holmes v. Bellingham, 7 C. B. (N. S.) 329; Smith v. Howden, 14 C. B. (N. S.) 398; McKenzie v. Gleason, 184 Mass. 452 (69 N. E. Repr. 1076); Lemay v. Furtado, 182 Mass. 280 (65 N. E. Repr. 395); Clark v. Parker, 106 Mass. 554; Boston v. Richardson, 95 Mass. 146; Winslow v. King, 80 Mass. 321; Pinkerton v. Randolph, 85 N. E. Repr. 892; Freeman v. Sayre, 48 N. J. L. 37 (2 Atl. Repr. 650); Pitney v. Huested, 8 App. Div. (N. Y.) 105; White's Bank of Buffalo v. Nichols, 64 N. Y. 65; Jarstadt v. Morgan, 48 Wis. 245 (4 N. W. Repr. 27); Paine v. Consumers' Forwarding & Storage Co., 71 Fed. Repr. 626; Bentley v. Root, 19 R. I. 205 (32 Atl. Repr. 918); Stockwell v. Fitzgerald, 70 Vt. 468 (41 Atl. Repr. 504).

OPINION BY MR. JUSTICE POTTER, May 3, 1909:

This bill in equity was filed by the trustees under the will of Henry W. Oliver, deceased, and by his widow and daughter, against the heirs of Oliver Ormsby, deceased, praying for a decree to quiet the title of plaintiffs to a strip of ground, latterly known as Freiheit's alley, situated in what is now the second ward of the city of Pittsburg, ten feet in width and lying sixty feet westwardly from and parallel with, Smithfield street, and extending from Sixth avenue southwardly to Oliver avenue. Plaintiffs base their claim upon the following facts: In 1812 Oliver Ormsby was the owner of two adjoining lots in the plan of the town of Pittsburg. These lots were numbered 433 and 434, and each of them fronted sixty feet on Sixth street, and No. 433 ran southwardly along Smithfield street 240 feet to Virgin alley. Mr. Ormsby made a plan, subdividing lot No. 433 into eleven smaller lots, and running an alley, called Carpenter's alley, between Nos. 433 and 434, ten feet in width, extending from Sixth street to Virgin alley. This plan he acknowledged and recorded in 1814 and on the plan he placed the following statement: "In consideration of sundry advantages, I do hereby give and grant for the use of an alley 10 feet of ground in breadth along the southeast side of said lot number 434, extending through from Sixth Street to Virgin Alley, for the accommodation of the persons who may hold the said 11 lots, and for the accommodation of the owner or owners of the remainder of said lot, No. 434, which said 10-foot alley, called Carpenter's Alley, shall be and remain open forever for the uses and purposes aforesaid."

Subsequently Mr. Ormsby laid out the residue of said lot No. 434 into eleven other lots, each of which fronted on the westerly side of Carpenter's alley. All the lots in the plan were sold by Mr. Ormsby, and in the deeds Carpenter's alley was called for as a boundary, and these words were added: "Together with the free use and privilege of the said alley called Carpenter's alley, as by the plan intended to be recorded in the office for recording of deeds in and for Allegheny County, relation thereunto being had, will more fully appear." By various mesne conveyances all of the lots fronting upon both

sides of Carpenter's alley became vested in the trustees under Henry W. Oliver's will, thus covering the frontage on both sides of the alley running from Sixth street to Virgin alley. It appears from the evidence that this Carpenter's alley was opened, laid out and in actual use from 1812 down to within a short period of the filing of the bill in this case. It further appears that in 1881 the name of Carpenter's alley was changed to that of Freiheit's alley by the city of Pittsburg by ordinance duly passed. The alley was paved twice. Its use was granted by the city to a telephone company for the purpose of laying conduits under the surface. The alley was policed, and cleaned and kept in order by the city. On November 27, 1908, the alley was vacated by an ordinance of the city of Pittsburg under an agreement with the trustees under the will of Henry W. Oliver, that in the erection of a proposed building upon their land running from Virgin alley, now called Oliver avenue, to Sixth street, they would construct and maintain a corridor for public use, extending from Oliver avenue to Sixth avenue, through said building, located about forty feet west of the location of Freiheit's alley, and at the grade of said alley. This corridor to be for the use of the public for foot passengers only, and to be kept open to the public as required by the city of Pittsburg.

In their answers filed, the defendants deny that the legal effect of the language used on the plan, and in the deeds of Ormsby, gives the plaintiffs title in fee simple to the soil of the alley, and they aver that plaintiffs have but an easement or right of way over the alley, which has now been abandoned. They deny that the alley ever became a public highway, and aver that it was only a private way.

The court below reached the conclusion that Carpenter's alley as marked upon the plans of Oliver Ormsby, was dedicated to public use. That being a public highway of the city of Pittsburg, the ordinance of the city, by which it was vacated, was effectual. That the conveyance of lots abutting on said alley by Oliver Ormsby, in which the alley was called for a boundary, passed title to the purchasers, to the middle line of the alley. That when the alley was vacated, the plaintiffs

who then owned all the land abutting upon the alley, succeeded to the exclusive right to use and occupy the soil of the alley.

The main contention of counsel for appellants is, that the alley in question was not a public highway, but was a mere easement, or private way. If it were necessary to rest the decision upon that point alone, we would not hesitate to accept the finding of fact, in that respect, of the trial judge. There was ample evidence to support the finding that Carpenter's alley was actually opened upon the ground, in accordance with the plan of Oliver Ormsby, and that it was in continuous use by the public, for a period of more than sixty-five years, and that during much of that time it was under the control and supervision of the municipal authorities, the same as other public highways.

If Carpenter's alley was a public highway, that is the end of appellant's contention; for as this court said, in Neely v. Philadelphia, 212 Pa. 551, speaking through Justice MESTREZAT (p. 557): "It may now be regarded as settled by our decisions that a conveyance of land bounded by a public road or street gives the grantee title to the middle of the road or street, if the grantor had the title to it, and did not expressly or by clear implication reserve it." But we go further than this, and hold that whether the alley be public or private, if it be actually laid out, and opened, and is appurtenant to the properties abutting upon it, the rule is the same, the call for the alley will carry the title to the center line, in the absence of an expressed intention by the grantor to the contrary. We have this day filed an opinion in Saccone et al. v. West End Trust Co. et al., ante, p. 554, in which this court so held, and the facts of this case make even more appropriate the application of the same rule.

As suggested in the argument of counsel, a private alley is usually narrower, though ordinarily not so long as a public highway, and it is for that reason all the more improbable that the owner who dedicates it, and sells the lots abutting thereon, intends to reserve to himself the fee in a narrow strip which would be useless to him, except as a means of harassing

the owners of the adjoining lots. In the present case, the lots were sold upon the faith of the alley, as it was shown upon the plan, and the deeds called for the alley as a boundary. We can see no interest that the grantor could have had under the circumstances in reserving the ownership of the soil in the alley, and no reason why the rule of construction applied to conveyances bounding upon a public highway, should not be applied in this case. This is the rule set forth in the text-books, as sustained by the weight of authority. In Jones on Real Property, sec. 448, it is said, "It is an established rule that a conveyance of land, bounded by or along an existing way, whether public or private, carries the title to the center of the way, subject of course to the public use of it as a highway, unless there be something showing an intent to the contrary." As we pointed out in Saccone v. West End Trust Co., ante, p. 554, all the authorities hold that the question whether the grant includes the fee of the street, or alley, is one of intention. We see nothing in this record to indicate that Ormsby intended to except from his conveyances the fee in the alley in question; and on the other hand, there is much in the circumstances connected with the laying out of the plan of lots, and in their situation, and in the language of the deeds, referring to the alley, to manifest his intention of parting with the fee, and dedicating it to the use of the adjoining lot owners.

The assignments of error are dismissed at the cost of the appellants, and the decree of the court below is affirmed.