Weiss and Maen *v.* Greenberg, Appellant.

Argued October 7, 1930.

Before Trexler, P. J., Keller, Linn, Gaw-throp, Cunningham, Baldrige and Whitmore, JJ.

*Robert T. McCracken,* and with him *Robert Levin,* for appellant, cited: Zerbey v. Allen, 215 Pa. 383; McClure v. The Land Co., 263 Pa. 368; Grace Church v. Dobbins, 153 Pa. 294; Holmes v. Dowler, 216 Pa. 500.

*Clinton A. Sowers,* and with him *Samuel D. Goodis* and *Alexander Fried,* for appellee.

OPINION BY GAWTHROP, J., December 27, 1930:

Plaintiffs filed a bill in equity praying for an injunction restraining defendant from erecting and maintaining a garage upon a driveway, and for a mandatory order for the removal of the part of the building already constructed. Defendant filed an answer, averring that the garage was located entirely within the lines of her own ground, and denying that plaintiffs had any easement in the portion of the driveway upon which the garage was being erected. As a further defense defendant averred that equity had no jurisdiction of the cause until the alleged right of the complainants in the easement was first established in an action at law, and prayed that the case be certified to the law side of the court. After a replication was filed the parties proceeded to trial without any objection on the part of defendant. The chancellor found that plaintiffs had an easement in the driveway which the erection of defendant's garage violated, and ordered the removal of the garage and the restoration of the driveway. This appeal is from the final decree entered after the overruling of defendant's exceptions to the decree nisi.

One of the two questions presented for our consideration by the statement of the questions involved is whether the court below had any authority to grant

the injunction when the answer contained a challenge to its jurisdiction in equity and requested a certification to the common pleas in accordance with the provisions of the Act of June 7, 1907, P. L. 440. The question is not properly before us. One who challenges the jurisdiction in equity must not only raise this issue by demurrer or answer, but have it decided in limine before a trial on the merits. If he fails in either respect "the right of trial by jury shall be deemed to have been waived by both parties": Tide Water Pipe Co. v. Bell, 280 Pa. 104; Lauderbach-Zerby v. Lewis, 283 Pa. 250.

The sole question, then, is whether, under the material facts, which counsel for appellant admit in their brief to be undisputed, plaintiffs have an easement in the portion of the driveway on which the obstruction was erected.

On April 10, 1920, Charles E. Brownley conveyed to William S. Hayes four lots of ground in the 46th Ward of the City of Philadelphia, one of which was situated at the northwest corner of 49th Street and Osage Avenue, had a frontage of one hundred and ten feet on the west side of 49th Street, and extended westwardly between parallel lines one hundred feet along the north side of Osage Avenue, and was described as "including on the rear thereof the soil of a certain ten feet wide driveway extending southward into the said Osage Avenue." By subsequent conveyances Charles C. Evans became the owner of the above described lot of ground, the description thereof in the deed being the same as in the deed from Brownley to Hayes. Evans constructed on the lot five dwellings known as premises 414-416-418-420-422 South 49th Street, each having a one car garage leading into the driveway, and improved the driveway in the rear of the buildings. He then sold the northern-most property, 414 South 49th Street, to defendant, the deed

describing it as "containing on the rear end thereof a certain ten foot wide driveway which runs southwardly leading into Osage Avenue ......, under and subject to certain building restrictions, and together with the free and common use, right, liberty and privilege of the said ten feet wide driveway as and for a passageway and water course, at all times hereafter forever." Subsequently he sold the other four properties, all of which were described as including on the rear end thereof the soil of said ten feet wide driveway, "together with the free and common use, right, liberty and privilege of the above mentioned driveway as and for a passageway and water course at all times hereafter forever in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof." Plaintiffs are the owners of premises 418 and 422. The driveway is "blind," that is, it extends from Osage Avenue to the northern side of defendant's lot, there being at the northern end a wall and an iron fence. It has a concrete surface. Defendant erected a garage on the portion of the driveway at the rear of her lot. When the construction began a protest was made to defendant by plaintiffs and other owners of lots along the driveway and a formal notice of the objection was served upon defendant, but she completed the garages.

The able counsel for appellant contend that plaintiffs are not entitled to equitable relief for the reasons, first, that no easement in the driveway existed in favor of any person while the five lots, including the soil of the appurtenant driveway, were owned by Evans; second, because the conveyance to appellant included the soil of the "blind" head of the driveway on the rear of her lot and did not expressly reserve any easement for the benefit of the other four lots; and third, because, assuming that plaintiffs had an

easement in the driveway, the obstruction complained of amounts only to a technical violation thereof and plaintiffs have suffered no substantial injury. We are convinced that this contention is not sound. As we view the case it is unnecessary to consider or discuss the question whether an easement in the driveway existed in favor of any person at the time Evans owned all the ground. If the easement was created by the deed from appellant's grantor that is sufficient. When she bought the property an improved driveway, which constituted an open and visible servitude, extended over the rear end thereof. Her deed not only told her that it was there and the extent thereof, but also that she took the land "with the free and common use, right, liberty and privilege of the said ten feet driveway as and for a passageway and water course at all times hereafter forever." Our minds refuse to adopt the contention made by her counsel that these provisions in the deed did not amount to any reservation of an easement over the land she got, and that instead of reserving anything from the grant they merely gave her something in addition, namely, the right to use the remainder of the driveway in the rear of the other lots of the grantor, as a passage into Osage Avenue. To us it seems clear from the language of the deed that the grantor's intention was to keep the rear ten feet of appellee's lot open for use as a driveway and water course for the benefit of the owner or owners of the remaining lots; that the whole driveway should remain open for such uses; and that it should be and remain for free and common use for these purposes. The fact that the driveway was blind makes no difference if the right to use it in its entirety is common to plaintiffs and defendant. The owner of the servient soil must use his property so that he does not materially interfere with the easement: Library Co. v. Fidelity Trust Co., 235 Pa. 5. If the

right of easement is common to both parties neither, without the consent of the other, has the right to alter its character in any particular: Ellis v. The Academy of Music, 120 Pa. 608.

We cannot subscribe to appellant's proposition that plaintiffs have suffered no substantial injury and, therefore, are not entitled to the relief granted by the court below. Defendant has interfered with plaintiff's right of property. It makes no difference that this right is insignificant in value to him as compared with the advantages that would accrue to defendant from its violation. See Stuart v. Gimbel Bros., 285 Pa. 102, in which the court quoted with approval the following statement in Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 555: "There can be no balancing of conveniences, when such balancing involves the preservation of an established right." "As to the principle . .. . . . ., that a chancellor will refuse to enjoin when greater injury will result from granting than refusing an injunction, it is enough to observe that it has no application where the act complained of is in itself, as well as in its incidents, tortious. In such case it cannot be said that injury would result from an injunction, for no man can complain that he is injured by being prevented from doing to the hurt of another that which he has no right to do": Stuart v. Gimbel Bros., supra. We think that appellees were clearly entitled to the relief granted.

The decree is affirmed at appellant's cost.