Shore et al., Appellants, *v.* Friedman et al.

Argued October 11, 1940.

374

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Herman Toll*, with him *Lawrence J. M. Rice*, for appellants.

*Harry J. Alker, Jr.*, with him *Edwin Hall, 2nd*, for appellee.

OPINION BY KELLER, P. J., December 11, 1940:

This was a bill in equity filed by appellants, who are owners of dwellings fronting on the west side of Ninth Street, south of Fisher Avenue, in the City of Philadelphia, and whose properties abut on a 12-feet wide private driveway in the rear of their lots, of which they were granted in their deeds the free and common use, "in common with the owners, tenants and occupiers of the premises abutting thereon and entitled to the use thereof," to restrain the defendants who are the owners of land fronting on the east side of Hutchinson Street, the rear of whose lots abut on the opposite side of said driveway, from using the same, because, as plaintiffs allege, they are not "entitled to the use thereof," within the provisions of the deeds passing from the owner of the land, who laid out the private driveway

and conveyed away said land with the use of the private driveway appurtenant thereto.

Defendants raised no preliminary question as to the equity jurisdiction, but filed an answer averring in substance that their lots abut on said driveway and that they are entitled to the use thereof; basing their position—see answer, par. 18—on the claim that the plaintiffs' own deeds gave the right to use the driveway to *all* abutting owners.

The court below held, in substance, that the effect of the deeds given by plaintiffs' predecessors in title, who laid out their lots and created the driveway at the rear, was to make it appurtenant to all lots abutting on the driveway, whether a part of their development or not, and that defendants have an equal right with the plaintiffs to its use. It accordingly refused the relief prayed for and dismissed the bill. The plaintiffs appealed. The decree will be reversed.

(1) In the first place, the court below made certain serious and basic errors in its findings of fact, which probably influenced its conclusions of law and decree. In its adjudication the court, inter alia, said: "The Pennsylvania Company for Insurances on Lives and Granting Annuities was originally the owner of the tract of land, on part of which is now erected the properties of the plaintiffs and the defendants. On June 14, 1936, The Pennsylvania Company conveyed that part of the land, on part of which is now erected the properties of the plaintiffs, to Harry Teitelman, and, on March 24, 1937, conveyed to Harry Liebman that part of the ground, on part of which is now erected the properties of the defendants."

The deed to Harry Teitelman, recorded in Deed Book D. W. H. No. 55, p. 353, etc., which was admitted in evidence, was dated January 14, 1936, not June 14, 1936. The grantor was not The Pennsylvania Company for Insurances on Lives and Granting Annuities, but was T. Bromley Flood, Trustee under the will of Edward T.

Flood, deceased; and the recital in said deed shows that Edward T. Flood, who died testate April 25, 1927, got title to the land conveyed in said deed from two sources: (1) By deed from Marvin E. Lescure and wife, dated January 31, 1910, recorded in Deed Book W. S. V. No. 1298, p. 15; and (2) by deed from Ernest E. Conrad and wife, dated March 29, 1910 and recorded in Deed Book W. S. V. No. 1235, p. 535.[1] So far as the deeds in evidence reveal, The Pennsylvania Company never owned the real estate now owned and in the possession of the plaintiffs.[2] The property thus conveyed to Teitelman was an "L" shaped tract, fronting 200 feet on Ninth Street and extending in depth, on the northern end, 160 feet 10½ inches to Hutchinson Street, where it had a frontage of 75 feet, (and abutted on the northern line of the property then owned by The Pennsylvania Company and now owned by the Friedmans, defendants herein, though not so recited in the deed), and in depth on the southern end eighty feet. On the tract of land, so conveyed to him, Teitelman laid out two twelve feet wide driveways: The one, at the northern end of his land, extending from Ninth Street to Hutchinson Street, leaving his lot facing on Hutchinson Street 63 feet by 80 feet 10½ inches in depth; and the other con-

---

[1] An examination of the deeds so recited shows that Marvin E. Lescure got title to his tract by deed from Oliver Smith and wife, dated January 31, 1910, recorded in Deed Book W. S. V. No. 1287, p. 74, and Smith got title from Joseph Gilfillan, Sheriff, Deed Book W. S. V. No. 1174, p. 534, on execution against William B. Reed. And that Ernest E. Conrad got title to his tract by deed from James L. Miles, Sheriff, dated November 3, 1903, recorded in Sheriff's Deed Book No. 208, p. 535.

[2] The recital in the deed from The Pennsylvania Company to Harry Liebman, under whom defendants claim title, dated March 24, 1937, Deed Book D. W. H. No. 274, p. 361, recites that it got title from the Continental-Equitable Title & Trust Company by deed dated December 26, 1931, recorded in Deed Book J. M. H. No. 3503, p. 61. These deeds make no reference to any driveway in the rear of the lot or lots conveyed.

necting therewith carved out of the rear of his 80 feet deep lots fronting on Ninth Street, leaving the depth of said Ninth Street lots 68 feet, exclusive of the land used for the driveway.

Having done this, Teitelman and his wife conveyed six lots fronting on Ninth Street totaling 96 feet on said street—being the lots now owned by the plaintiffs— to Henry Berman, by deed dated February 9, 1937, recorded in Deed Book D. W. H. No. 247, p. 126, which described the depth of the lots as 68 feet to a certain proposed twelve feet wide driveway leading northward and communicating with another proposed twelve feet wide driveway extending from Hutchinson Street to Ninth Street, and continued: "Together with the free and common use, right, liberty and privilege of the abovementioned twelve feet wide driveways as and for passageways, water courses and driveways at all times hereafter forever, AND Together with all and singular the buildings, improvements, ways, streets, alleys, passages, ...... water courses ...... and appurtenances whatsoever thereunto belonging or in any wise appertaining ...... and all the estate, right, title, interest, property, claim and demand whatsoever of the said grantors in law, equity or otherwise howsoever, of, in and to the same, and every part thereof."

Berman, in turn, conveyed the said six lots, having the said driveway in their rear, to H. LeRoy Webb, by deed dated February 18, 1937, recorded in Deed Book D. W. H. No. 254, p. 21, giving precisely the same description of the land and precisely the same "Together with" clause as above recited from the deed from Teitelman to Berman.

Webb by deeds dated, July 16, 1937, July 8, 1937, July 8, 1937, August 26, 1937, July 27, 1937 and August 25, 1937, respectively, and duly recorded, conveyed the said six adjoining lots, with the improvements erected thereon, (Nos. 5234, 5236, 5238, 5240, 5242 and 5244 North Ninth Street), to the plaintiffs, Hyman

Shore and wife, Morris Hersh and wife, Nathan Levin and wife, Jacob S. Katsiff and wife, Anna Rush, and Frank Blumenthal and wife, respectively, each of said conveyances describing the land so conveyed as being according to a certain plan or survey made by Joseph F. Delany, Surveyor and Regulator of Fifth District, made June 4, 1937, and as containing in front or breadth on said Ninth Street, 16 feet 2 inches to 15 feet 11 inches, respectively,[3] "and extending of that width in length or depth westwardly between lines parallel with said Fisher Avenue, sixty-eight feet to a certain twelve feet wide driveway extending northwardly and communicating with another twelve feet wide driveway extending eastwardly into Ninth Street ...... Together with the free and common use, right, liberty and privilege of the abovementioned driveways as and for passageways, driveways and water courses, at all times hereafter forever in common with the owners, tenants and occupiers of the premises abutting thereon and entitled to the use thereof."

The defendants, Friedman and wife and the Honers respectively, claim title to their properties fronting on Hutchinson Street (No. 5233 and 5231, respectively) by deeds from Harry Liebman dated October 17, 1938 and November 22, 1938, respectively, and duly recorded. Each property is described as fronting on the southeast side of Hutchinson Street, and containing in front or breadth on the said Hutchinson Street, 16 feet 5 inches and 17 feet 4 inches, respectively,[4] and extending southeastwardly of that width in length or depth between lines parallel with the said Fisher Avenue eighty feet ten and one-half inches. Neither the deed to Liebman nor the deeds from him to the defendants contain any mention of or reference to the driveway in the rear of

---

[3] No. 5234, 16 feet 2 inches; No. 5236, 15 feet 11 inches; No. 5238, 16 feet; No. 5240, 15 feet 11 inches; No. 5242, 16 feet 1 inch; No. 5244, 15 feet 11 inches, in all 96 feet.

[4] No. 5233, 16 feet 5 inches; No. 5231, 17 feet 4 inches.

plaintiffs' lots or any grant or conveyance of any right, privilege or interest therein.

It will be noted that we do not have here a case where the driveway was laid out by a common grantor, or source of title, of both plaintiffs and defendants; it was laid out by Teitelman, who was a former owner of the plaintiffs' properties, but had no relation to defendants' properties. The twelve feet used for the driveway was taken wholly from Teitelman's land; none was taken from the land owned by defendants or their sources of title. Had the driveway been made up by deducting six feet from the lots on each side, a conveyance of the lots, bounding them by the driveway, would have carried title to the middle of the driveway. The rule is the same whether the way is public or private, a street, alley or driveway: *Ellis v. Academy of Music*, 120 Pa. 608, 15 A. 494; *Saccone v. West End Trust Co.*, 224 Pa. 554, 73 A. 971; *Oliver v. Ormsby*, 224 Pa. 564, 73 A. 973.

But where the private driveway or alley, is carved from the lots on one side only and the lots abutting on it are sold and there is no special reservation of the ground thereon for the benefit of the grantor, the rights of the lot owners extend to the whole of the driveway or alley, and not to the middle line only, and the grantor holds the legal title to the land used for the driveway only as trustee for the grantees of the lots and their successors in title: *Kirkham v. Sharp*, 1 Wharton 323, 333, 334-336; *Cope v. Grant*, 7 Pa. 488, 491; *Ulrich v. Grimes*, 94 Pa. Superior Ct. 313, 316, 317; *Lewis v. Carstairs*, 6 Wharton 193, 207; *Schmoele v. Betz*, 212 Pa. 32, 36, 61 A. 525; *Oliver v. Ormsby*, supra; *Saccone v. West End Trust Co.*, supra, 563-564; *Carter v. Lebzelter*, 45 Pa. Superior Ct. 478, 480.

The right to the use of an alley or driveway is appurtenant to the abutting lot to which the easement is granted and is not personal to the owner of the lot. It may not be used by him for the benefit of other lots,

etc., owned by him: *Kirkham v. Sharp,* supra; *Lewis v. Carstairs,* supra; *Schmoele v. Betz,* supra; *Shroder v. Brenneman,* 23 Pa. 348, 351.

The court below was in error in stating that Webb was the owner of the fee to the driveway—except as the owner was a trustee for him as a purchaser of lots abutting on it.

Teitelman laid out the driveway and sold lots abutting on it with a depth twelve feet less than the depth purchased by him; but there is nothing in the record which supports any conclusion that the lot owners on the other side of the driveway—except those to whom he granted the land remaining to him on Hutchinson Street—had any right, interest or privilege in it; and when he disposed of the lots abutting on it, he became a trustee of the fee in the driveway for the benefit of the lot owners to whom he had conveyed land abutting on it, and their heirs and assigns.

The deeds to these respective plaintiffs do not convey the free and common use of the driveway, in common with the owners, tenants and occupiers of the premises *abutting thereon,* but "in common with the owners, tenants and occupiers of the premises *abutting thereon and entitled to the use thereof.*" Only such of the abutters on the driveway as are *entitled* to the use thereof, are privileged to use the driveway in common with the respective plaintiffs.

If Teitelman, at any time before he parted with the ownership of the lots, which were carved out of the tract of land belonging to him, conveyed to any lot holder on the other side of the driveway, who did not derive title from him, and who was a source of defendants' title, the right to use the same as an abutting lot owner, the defendants should have averred it in their answer and proved it on the trial. They wholly failed to do either.

(2) The next question that arises is whether the plaintiffs, whose deeds did not specifically convey to

them the fee in the driveway or any part of it, have a sufficient interest in it to enable them to bring their suit against the defendants whose lands abut on the driveway, but who are not entitled to an easement therein?

It is ruled in their favor by the decision of the Supreme Court in *Schmoele v. Betz*, 212 Pa. 32, 35, 61 A. 525, which held that the owner of an easement in a private alley way, created for passageway and as a water course, may enjoin the owner of the land on the opposite side of the alley, who has no easement therein, from erecting a fire escape on his wall so as to overhang the alley, although the plaintiff's use of the alley is not materially impaired.

See also, *Hacke's App.*, 101 Pa. 245; *Mershon v. Walker*, 215 Pa. 41, 43, 64 A. 403; *Hollenback v. Tiffany*, 50 Pa. Superior Ct. 297, 299, 300; *Weiss & Maen v. Greenberg*, 101 Pa. Superior Ct. 24, 28-30. There will be no balancing of injuries, where the plaintiff's right is clear: *Stuart v. Gimbel*, 285 Pa. 102, 131 A. 728; *Weiss & Maen v. Greenberg*, supra. The defendants did not aver in their answer that the suit should have been brought at law and ask for a decision on that point in limine—Act of June 7, 1907, P. L. 440—and therefore waived objection to equity jurisdiction on the ground of adequacy of legal remedy: *Bank of Pittsburgh v. Purcell*, 286 Pa. 114, 133 A. 31; *Geary v. Geary*, 338 Pa. 385, 12 A. 2d 23; *Krieger v. Rizzo*, 105 Pa. Superior Ct. 429, 161 A. 483.

The decree is reversed and the record is remitted to the court below with directions to enter a decree enjoining the defendants from using the driveway in question. The costs in the court below and on appeal to be paid by the defendant appellees.