## Ballatori et ux. v. Tavani et al.

*Richman & Richman,* for plaintiff.

*Joseph D. Morelli,* for defendant.

BOK, P. J., June 29, 1944.—This is a bill in equity to compel defendants to remove a building which they have constructed over an alleyway in which plaintiffs claim an easement.

### Discussion

Under the evidence, it is clear that plaintiffs, in common with the owners of other portions of 1901 to 1929 Point Breeze Avenue, had an easement of a passageway and watercourse over the alley in the rear of those premises.

This alley was originally laid out in 1909 by John W. Shisler, who then owned the entire tract. Thereafter, when he conveyed various parts of the tract to different grantees, each grantee acquired title to his property

subject to the burden of the easement and together with the benefit, in common with the owners of all of the said properties, perpetually to use the alley as a passageway and watercourse.

"Where an owner of land subjects part of it to an open, visible, permanent, and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be": Grace Methodist Episcopal Church v. Dobbins, 153 Pa. 294, 297 (1893).

This rule has been applied to alleyways: Cannon v. Boyd, 73 Pa. 179 (1873) ; and driveways: Heffley v. Lohr, 149 Pa. Superior Ct. 586 (1942). In such cases, it is said that an easement arises by implication upon severance of the dominant and servient tenements, even though no reference to the said easement is made in the deed. A fortiori, such easement arises where, as in this case, the conveyance is to each grantee of a part of the tract "together with the free and common use, right, liberty and privilege of the aforesaid alleys as passageways and water courses at all time hereafter forever": Weiss et al. v. Greenberg, 101 Pa. Superior Ct. 24 (1930).

The conveyances from John W. Shisler are the source of title of both plaintiffs and defendants. Hence plaintiffs, as owners of 1919 Point Breeze Avenue, undoubtedly have an easement in common with the other property owners of the tract perpetually to use the alley as a passageway and watercourse.

It does not follow, however, that because plaintiffs had such an easement and that the alley remained opened and unobstructed for many years plaintiffs thereby acquired any easement for light and air: Rennyson's Appeal, 94 Pa. 147 (1880). Notwithstanding the existence of an easement of a passageway, the owner of the servient tenement may lawfully build a structure overhanging the alley so long as he does not thereby interfere with its continued use as a passage-

way: Schmoele v. Betz, 212 Pa. 32 (1905) ; Stuart v. Gimbel Bros. Inc., 290 Pa. 210 (1927). But the owner of the servient tenement has no right to erect any structure on the soil thereof or so close thereto as to interfere even to the slightest degree with its unobstructed use as a passageway and watercourse: Mulville et ux. v. Cooper et ux., 93 Pa. Superior Ct. 139 (1927).

Nor is it material that the alley in this case led to a blind end at premises 1929 Point Breeze Avenue. Despite this fact, plaintiffs had the legal right to use it for its full length, and the defendants had no legal right to obstruct it as they did in this case: Weiss and Maen v. Greenberg, supra.

Hence it is clear that defendants' act of extending their building over the soil of the said alley constituted an unlawful interference with the rights of plaintiffs and the other adjoining property owners in the easement.

However, the extension of defendants' buildings over the soil of the alley in the rear of premises 1925-27-29 Point Breeze Avenue occurred in 1931 and 1932. By reason of the long lapse of time and the delay in asserting their rights, plaintiffs and the various other property owners are now barred from insisting that these obstructions be removed.

But this fact did not justify defendants in further obstructing the said alley by extending their buildings over the soil of the alley in the rear of premises 1921-1923 Point Breeze Avenue. Defendants cannot be permitted by gradual encroachments, after the manner of the camel in the fable, to change the character of the alley from a passageway for the benefit of all the property owners to an adjunct of their own industrial plant: Boyer v. Schoch, 82 Pa. Superior Ct. 513 (1924).

Defendants argue that plaintiffs should be barred from relief by reason of the fact that they failed to institute the present proceedings until after the extension of defendants' building had been virtually completed.

I see no merit in this suggestion. Before this alteration was commenced, plaintiffs' lawyer, on September 25, 1942, wrote a letter to one Fiore Tavani, care of Passyunk Laundry, Inc., protesting against the conversion of 1921-23 Point Breeze Avenue from residential uses to industrial uses, and warning him that plaintiffs intended to take legal steps to protect their rights. The alterations were started on October 12, 1942, and several days thereafter plaintiffs' lawyer wrote to defendants' lawyer definitely putting him on notice that defendants were proceeding with the alterations at their own risk. These notices were ignored and the work was apparently pushed to a rapid conclusion on or about November 15, 1942. On February 2, 1943, plaintiffs' attorney wrote to defendants' attorney formally demanding the removal of the obstruction over the alley, and this bill in equity was filed on May 12, 1943.

It is undoubtedly true that a court of equity will not grant relief by mandatory injunction where the party seeking it becomes cognizant of his rights and the invasion thereof and does not take steps to assert them but lies by and suffers his adversary to incur expenses which would render the granting of an injunction to remove the completed structure a great injury: 32 C. J. Injunctions §56. But this rule is not applicable here because defendants were put on notice that plaintiffs objected to the proposed alterations to the buildings, that litigation was threatened, and that they were proceeding to complete the structures at their own risk. Moreover defendants, independent of these notices, must have been aware that they had no legal right to obstruct the soil of the alley and their conduct therefore was clearly tortious. In view of the speed with which these structures were completed, we do not feel that the short delay which elapsed before plaintiffs filed their bill is sufficient to charge them with laches.

Defendants also contend that we should dismiss this bill because they are engaged in conducting a laundry which serves a large number of people in the com-

munity, and that due to war conditions it became imperative for defendants to use the bed of this alley so that they could convert from oil fuel to coal fuel for the operation of their plant. Defendants contend that otherwise they might be compelled to close their establishment.

Defendants also ask us to balance the injuries which they will sustain if we order their structure removed against the slight inconvenience which plaintiffs will sustain if we permit the structure to stand.

The gist of the defendants' argument is substantially the same as was considered by the Supreme Court in Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540 (1904), where it was contended (see page 554) "that as an injunction is a matter of grace, and not of right, and more injury will result in awarding than refusing it, it ought not to go out in this case". In disposing of this argument, the Supreme Court well said:

"A chancellor does act as of grace, but that grace sometimes becomes a matter of right to the suitor in his court, and, when it is clear that the law cannot give protection and relief—to which the complainant in equity is admittedly entitled—the chancellor can no more withhold his grace than the law can deny protection and relief, if able to give them. . . .

"There can be no balancing of conveniences when such balancing involves the preservation of an established right, though possessed by a peasant only to a cottage as his home, and which will be extinguished if relief is not granted against one who would destroy it . . ."

Under the circumstances, plaintiffs are clearly entitled to a mandatory injunction directing defendants to remove the portions of the buildings at 1921-23 Point Breeze Avenue which extend over the soil of the alley, and we will direct such an injunction to issue. However, during the continuance of the present war emergency, we would hesitate to issue an attachment for contempt to compel defendants' compliance with the decree. . . .

*Decree nisi*

And now, June 29, 1944, it is ordered, adjudged, and decreed:

1. That defendants remove the obstructions which they have placed over the soil of the alley in the rear of 1921-23 Point Breeze Avenue.

2. That an injunction issue, perpetually restraining and enjoining defendants from interfering with the use of said alley in rear of 1921-23 Point Breeze Avenue as a passageway and watercourse.

3. That defendants pay the costs of these proceedings.