# Chester et al. v. Conestoga Realty Co., Inc., et al.

*Melling & Howland*, for plaintiffs.

*E. Unterberger*, for defendants.

FLOOD, J., March 1, 1949.—The pleadings in this case indicate that a part of a triangular lot bounded by Belfield Avenue, Eighteenth Street and Rockland Street, was conveyed to plaintiffs' predecessor, Philip Rhine, August 29, 1922, by Mary Eickhoff. The portion so conveyed covered the entire frontage on Belfield Avenue, leaving in grantor, Mary Eickhoff, a triangular plot bordering on Eighteenth Street and Rockland Street. The land conveyed to Rhine extended for a depth of 115 feet from Belfield Avenue (except at the ends where such depth was prevented by Eighteenth Street and Rockland Street) and included in the rear the bed of what was later laid out as a 15-foot driveway. The deed to Rhine contained the clause "together with the free and common use, right, liberty and privilege of the aforesaid alley or driveway as and for a passageway and watercourse and driveway at all times hereafter forever in common with the owners, tenants and occupiers of other lots of ground bounding thereon and entitled to the use thereof." On October 9, 1924,

Mary E. Eickhoff conveyed the remainder of the original triangular plot owned by her to S. Frank Williamson and Charles Messenger and defendant corporation later acquired this property by sheriff's deed. The deed to Williamson and Messinger contained a driveway clause identical to that in the deed to Rhine. There was no such clause in the sheriff's deed.

The bill avers that defendant individuals are contractors, building for defendant corporation, upon the triangular tract owned by the corporation, duplex apartments with basement garages, so built that the driveway owned by plaintiffs will have to be used for ingress and egress and that defendant corporation is not entitled to use of this driveway. Plaintiffs ask an injunction against the erection of these apartments or the use of the driveway by defendants or their successors or assigns.

The answer of defendants sets forth, in new matter, the deed of the common grantor to Rhine and the clause with regard to the driveway, above quoted, and avers that the land of defendant corporation is bounded by the driveway and asserts that it is therefore entitled to the use of the driveway.

Plaintiffs' reply to the new matter admits the facts set forth in the answer but denies the conclusion that defendants are entitled to the use of the driveway, alleging on the contrary that the driveway was laid out solely for the benefit of the properties fronting on Belfield Avenue. To this defendant filed preliminary objections.

1. Since defendants' lots bound on the alley or driveway referred to in the deed to plaintiffs' predecessor, Rhine, it would seem at first blush that defendants' lots have the right to use that alley. It was reserved by the common grantor of plaintiffs' predecessor and defendants' predecessor for the use of all lots bounding on the alley. The natural inference is that her inten-

tion was to reserve the use of this driveway for the benefit of the properties she has not yet sold, namely those which she later sold to defendants' predecessor. If she had intended that this driveway would be for the benefit only of the properties which might be subdivided out of the ground originally sold by her there would be no reason for her to create this driveway. Her grantee could create such an easement himself if he were so minded. Moreover, if she created such an easement so limited, Rhine could have extinguished it without any successful complaint from her while he still owned all of the property benefited.

In other words, there would be no benefit at all to grantor from the easement which she reserved out of the property conveyed, if plaintiffs' construction is correct. Why then would she have reserved it? The only benefit to her out of the creation of such a free and common use would be the benefit to the property which she had not yet sold. If that was its purpose, the reservation would obviously increase the value of the property retained by her and afterwards sold to defendants' predecessor. Such was the purpose of the reservation in our opinion.

2. Plaintiffs offer several suggestions in opposition to this reasoning. In the first place they point out that the deed to their predecessor granted not merely the right to use this driveway but the very bed of the driveway itself. It appears to us that this makes very little difference. If anything it tells against plaintiffs' position. What the common grantor did was to convey all of the property now owned by plaintiffs reserving out of it an easement over the 15 feet farthest from Belfield Avenue for the use of the property which she was retaining. It was much more important for her to specifically reserve this if she conveyed the bed of the driveway than if she retained the bed and merely gave these persons the right to use the driveway. In the

latter case, the easement for the remaining property might have been implied without any specific mention of it. The very fact that she did convey the bed and retained this right of user for bounding lots seems to indicate that her real intention was to hold for the benefit of the lots remaining in her name.

3. Plaintiffs next contend that the court does not have to construe the clause "for the use of . . . the lots . . . bounding thereon" to include the lots retained by the common grantor at the time of the conveyance to Rhine because the property conveyed to Rhine had already been divided by her on a plan into 27 separate lots and therefore her intent was that the driveway was to be for the use of these 27 lots and not for the lots retained.

The deed must be construed most strongly against grantor. However, the flat language reserving the use to bounding lots cannot be construed to mean for the use of some, but not all, of the bounding lots. Nor can the mere existence of or reference to a plan of building lots change this clear meaning, especially when there was no need for her to say anything in the deed to accomplish such purpose, since her grantee Rhine could have created such an easement himself if he had so desired.

The clause would be almost meaningless and useless if we were to construe it the way plaintiffs would have us do. If such was its meaning neither grantor, Mrs. Eickhoff, nor Rhine, the original grantee from the common grantor, gained anything by this clause nor did any of his grantees gain anything from it. It would have no force until he in turn adopted it by conveying part of this ground subject to the same privilege. Without subsequent conveyances by him it meant nothing and he could have extinguished it at any time until he made his first conveyance of part of the ground.

4. Plaintiffs also contend that defendants have no right to the use of the driveway because of the last six words in the clause, which restricts the use of the lot "to other lots of ground bounding thereon and entitled to the use thereof". They argue that if all lots bounding upon the driveway were entitled to use it then there would be no meaning to the phrase "and entitled to the use thereof" and that that phrase must be given some meaning. They cite the case of Shore et al. v. Friedman et al., 142 Pa. Superior Ct. 373 (1940), in which the court did comment upon such phrase, but we must conclude from a reading of that case that the reliance upon the phrase was of no substantial importance in the decision of the case. In that case the land owners claiming the right to the use of the alley did not obtain title through the common grantor who had created the alleyway and there was no situation which under the law would give rise to the inference that there was an intent that they should have such use. The case is entirely different from the one before us.

The phrase "entitled to the use thereof" adds nothing. If anything, the phrase means merely that whoever the court decides may use the driveway may use it. Therefore for the purpose of enabling the court to reach a decision it is of no help whatever and cannot influence it either one way or the other.

None of the suggestions made by plaintiffs negatives the natural inference from the words used under the circumstances by the common grantor when she conveyed part of her property. It is clear that she intended to reserve the use of this driveway for the property retained by her and therefore plaintiffs' cause must fail.

The preliminary objections are sustained. Plaintiffs may file an amended reply within 20 days.